## Patterson *against* Stewart.

In an action founded on a breach of covenant against encumbrances and an eviction, the measure of damages is the amount of purchase money, with interest from the time when the vendee ceased to be in perception of the profits actual or potential, which could not be recovered from him.

ERROR to the District Court of *Allegheny* county.

This was an action of covenant by William Stewart against James Patterson, in which the only subject of dispute was the measure of damages to which the plaintiff was entitled. The defendant conveyed a lot in Birmingham to the plaintiff, on the 6th September, 1817. Previous to that time an award of arbitrators had been filed against him, which was a lien on the property sold. And although the defendant had appealed, judgment was afterwards obtained against him in court for a large amount, and the lot in question was levied on and sold with many others to satisfy the judgment, and a deed made by the sheriff to John M'Donald, Esq. on the 1st November 1822. The lots were vacant till 1831, when M'Donald's executors sold to John M'Kee, who took possession and built a house on them.

[Patterson v. Stewart.]

The declaration contained two counts, one for a breach of the covenant against encumbrances, implied in the words " grant, bargain and sell," the other on the covenant of general warranty. The plaintiff contended that the measure of damages should be the purchase money and interest since the date of the deed, as the covenant against encumbrances was broken the moment it was made. The defendant contended that interest should be calculated only from 1831, when M'Kee took actual possession, because the plaintiff was not actually ousted till that time, nor liable for mesne profits previously.

Grier (President).—It is true, as the plaintiff contends, that the covenant against encumbrances was broken the moment the deed was executed. But the encumbrance was contingent as to any actual injury to the plaintiff. It did not divest him of the possession or title to the property until final judgment was obtained, and the property levied on and sold by the sheriff. Previous to that time the damage was merely nominal; at least, if there was any actual damage, it is not laid in the declaration nor proved. But when the sheriff's deed was made, the title was absolutely divested and the damage no longer contingent. The plaintiff was not bound to incur the expense of an ejectment, and might justly abandon all claim to the property. From that time, then, he is entitled to interest on his purchase money.

*M'Candless*, for the plaintiff in error, cited 3 *Caines' Rep.* 111; 4 *Kent's Com.* 471; 8 *Serg. & Rawle* 166.

*Metcalf*, for the defendant in error.

Per Curiam.—We think the principle of the District Court right, and we adopt it. By the breach of a covenant against encumbrances, the purchase money becomes instantly revendicable, with interest, except for any time during which the purchaser may have been in the perception of profits, actual or potential, which could not be recovered from him. In this instance, though the covenant was broken at the sealing of the deed, the conveyance nevertheless vested the exclusive ownership in the purchaser till it was divested by the sale on the encumbrance, and to the profits, in the mean time, the incumbrancer could make no pretension. But as the purchaser's possession had been legal and not actual, it was extinguished by the sheriff's conveyance along with his seisin, of which it was an incident. From that time the use of the purchase money in the hands of the vendor was without an equivalent; and the original vendee became entitled to interest for it in the shape of damages.

Judgment affirmed.