## Terry's Executor *versus* Drabenstadt.

1. In covenant upon a warranty, where the covenantee has been evicted of one-third by the widow of the covenantor, the measure of damages is the value of the widow's life interest, estimating the fee by the purchase-money.

2. In a dower suit against the covenantee, he gave notice to the executor of the covenantor to defend, which he did not do; the verdict for the widow was conclusive in an action on the covenant that there had been an eviction by lawful title.

3. The covenantee employed counsel and defended the dower suit. *Held*, he was not entitled to recover his expenses in an action on the covenant.

4. When a covenantor has been notified to appear and defend and fails and the covenantor proceeds and incurs costs, he does so on his own responsibility.

5. It is error to permit a paper containing items, of which there is no evidence, to go out with the jury.

May 1st 1871.   Before THOMPSON, C. J., READ and SHARS-WOOD, JJ.

Error to the Court of Common Pleas of *Lancaster county:* No. 29, to May Term 1871.

This was an action of covenant commenced November 27th 1868, by Samuel Drabenstadt, against John Musser, executor, &c., of George W. Terry, deceased.

The cause of action was on a covenant of general warranty in deed dated April 1st 1863, from George W. Terry the decedent to John B. Sherbon, for 6 acres of land in East Donegal township; the consideration was $1000, the deed was not executed by Terry's wife.   The land was afterwards conveyed to Isabella Slaymaker, and by her, January 10th 1865, to the plaintiff.

To April Term 1867, Sarah Ann Terry, the widow of the decedent, brought an action of dower against Drabenstadt, the plaintiff here.   Drabenstadt notified the executor of Terry, the defendant in this case, to come in and defend in that suit.   He did not do so.   Drabenstadt employed counsel and defended the case. There was a verdict recovered against him, and on an habere the sheriff delivered to the widow possession of one-third by metes and bounds.·

The plaintiff gave evidence of the widow's age, &c., for the purpose of showing the value of her life estate; also, the amount of counsel fee proper to be paid for professional services in defending the suit for dower.   There did not appear to be any evidence as to other expenses incurred in that suit.

The plaintiff's 3d point was :—

The plaintiff having given to the defendant due notice of the suit brought by the widow of Terry against him for her dower, is entitled to recover the value of the widow's life-estate in one-third of the land, together with his costs and expenses (including counsel fees) in the suit for dower.

The court (Long, P. J.,) answered the point in the affirmative,

[Terry v. Drabenstadt.]

and said, " And you must in that case determine the amount of the damages which the plaintiff has sustained by being ousted, during the lifetime of the widow, of one-third of the property purchased by him.   In measuring the damages you must take into consideration the age and health of the widow, and it has been held that the rule of damages would be the amount of the depreciation of the fee simple interest, according to the consideration money paid to the covenantor.   And I also further instruct you that if the plaintiff delivered the one-third of the property or assigned it to her, it would be such an eviction as to entitle the plaintiff to recover.   He would also be entitled to recover damages for counsel fees paid by him in the dower suit."

" The court further charged : * * * [" If, therefore, you should be satisfied of the truth of the facts and circumstances given in evidence, then I am of opinion that, upon the law arising upon those facts, the plaintiff is entitled to recover ; that is matter for your determination under all the circumstances of the case.

" The defendant having neglected to attend to the case when notified, the verdict and judgment rendered in that case is binding upon him.   The measure which you ought to adopt, in ascertaining the damages, ought to be of such a character as to do justice between the parties.   The widow is only entitled to a life-estate in the premises, and when she dies the estate reverts to the plaintiff.   It will, therefore, be for you to ascertain the value of that life-estate,] and I am also of the opinion that [the plaintiff is entitled to recover back the reasonable expenses paid by him for counsel fees in defending the dower suit.] * * *"

The court, under objection by the defendant and exception, allowed the plaintiff to send out with the jury the statement of his claim ; viz :

" Value of Mrs. Terry's life-estate at the time of eviction of plaintiff by sheriff, Nov. 10th 1868     . $247.00
" Interest from Nov. 10th 1868     .     .     .     .   17.91

                                                        $264.91
" For Drabenstadt's counsel in dower suit     .   100
" For      do.      expenses  "      "  .     .   20   120.00

                                                        $384.91"

The verdict was for the plaintiff for the amount of his claim. The defendant took out a writ of error.   The errors assigned were : The parts of the charge in brackets, the answer to the 3d point and allowing the claim to go out with the jury.

*T. E. Franklin* (with whom was *N. Ellmaker*), for plaintiff in error, as to payment of counsel fees and expenses cited Fulweiler *v.*

18 P. F. SMITH—26

Baugher, 15 S. & R. 45 ; Leffingwell *v.* Elliott, 8 Pick. 457 ; Rawle on Covenants for Title 268.

*A. Slaymaker* (with whom was *H. M. North*), for defendant in error, cited Mills *v.* Catlin, 22 Vermont Rep. 99 ; Swain *v.* Perrine, 5 Johns. Ch. Rep. 493 ; Foster *v.* Hilliard, 1 Story Rep. 83 ; Jones's Appeal, 12 P. F. Smith 327. The measure of the damages on the breach of the modern covenants for title is the value of the land, at the time when the covenants were entered into : Staats *v.* Ten Eyck, 3 Caines 118 ; Pitcher *v.* Livingston, 4 Johns. 1 ; Bender *v.* Fromberger, 4 Dallas 438 ; Stewart *v.* West, 2 Harris 338 ; Brown *v.* Dickerson, 2 Jones 372 ; Johnson *v.* Nyce, 17 Ohio 70 ; McAlpin *v.* Woodruff, 11 Ohio St. Rep. 120 : The evicted covenantee is entitled to counsel fees and expenses : Richert *v.* Snyder, 9 Wendell 423 ; Swett *v.* Patrick, 12 Maine 10 ; Hardy *v.* Nelson, 27 Id. 525 ; Keeler *v.* Wood, 30 Vermont 242 ; Cox *v.* Stroch, 2 Bibb 277 ; Kingsbury *v.* Smith, 13 N. Hamp. 125 ; Smith *v.* Compton, 3 Barn. & Ad. 407 ; Anderson *v.* Washabaugh, 7 Wright 118. Fraud enlarges the measure of the damages : 3 Parsons on Contracts 212, 229, 230 ; King *v.* Pyle, 8 S. & R. 166 ; Fulweiler *v.* Baugher, 15 Id. 45 ; Lee *v.* Dean, 3 Wharton 330 ; Bitner *v.* Brough, 1 Jones 139.

The opinion of the court was delivered, May 11th 1871, by

Sharswood, J.—That part of the charge of the learned judge below, which forms the subject of the 1st assignment of error, is not open to the objection which has been made to it. Taken in connection with the answer to the plaintiff's 3d point, in which it was said : " In measuring the damages you must take into consideration the age and health of the widow, and it has been held that the rule of damages would be the amount of the depreciation of the fee simple interest according to the consideration-money paid to the covenantor." The rule laid down clearly appears to have been that the jury should find for the plaintiff the value of the life interest of the widow, estimating the fee simple by the purchase-money. This is certainly in accordance with the authorities : Bender *v.* Fromberger, 4 Dall. 441 ; Brown *v.* Dickerson, 2 Jones 372 ; Patterson *v.* Stewart, 6 W. & S. 527. If there was evidence that the land had since that time depreciated in value, and if the law is that the consideration paid is not absolutely the measure of damages, but only the limit beyond which they cannot be carried, that question should have been raised by an hypothetical point presented to the court, which in this case was not done.

The 2d and 3d assignments of error give rise to the contention which has been most earnestly pressed that it was error to instruct the jury that under the facts of this case the plaintiff below was entitled to recover as a part of his damages reasonable counsel

[Terry v. Drabenstadt.]

fees paid by him in the dower suit. It must be conceded that as notice had been given to the defendant below of the pendency of that action, and that he should take defence, of which he did not avail himself, the judgment in that case was conclusive that there was an eviction under it by lawful title which constituted a breach of the warranty. The learned judge below was of opinion, and so instructed the jury, that the plaintiff below was entitled to recover his counsel fees and expenses in his unsuccessful defence of the suit for dower. In this, as it appears to us, he was in error. Without undertaking to lay down any general rule, it would seem to be most reasonable to hold, that where a covenantor has been notified to appear and defend, and declines or fails to do so, and the covenantee chooses to proceed and incur costs and expenses in what it may be presumed that the covenantor considered to be an unnecessary and hopeless contest, he does so certainly upon his own responsibility. "If," said Mr. Justice Huston, in Fulweiler v. Baugher, 15 S. & R. 55, "the vendee does not give notice but appears and defends, it has not been allowed him to recover his counsel fees paid and his own expenses; for there may be no ground of defence, and he shall not subject his vendor, without his knowledge and against his will, to more than he is liable to on his covenant of warranty. This generally. There may possibly be exceptions when the warrantor has left the state, and expense must be incurred before he can be found and notice served, as in cases of fraud in the warrantor." The reason of this decision applies with equal if not greater force where notice has been given and the warrantor has refused or declined to take defence. In the ancient warranty when the warrantor was vouched to warranty, he must either appear and become tenant and take the defence of the title upon him, or judgment was given against him by default, and there was a recovery over in value. The substitution of the modern covenant for the ancient warranty ought not to change, and practically it has not changed the rights and obligations of the respective parties. That an opposite doctrine might lead to serious wrong is illustrated in this very case, where it will be seen that the counsel fees and expenses make an addition of nearly 50 per cent. to the amount of the damages.

The 4th assignment of error is, that the paper sent out with the jury comprehended an item of $20 for expenses, of which no evidence had been given. As we hold that such expenses were not reasonable, it seems to be entirely unnecessary to consider this point, as upon another trial it cannot arise. It is certainly error, however, for the court to permit the jury to take out a statement made by either party containing items as to which no evidence was offered: Morrison v. Moreland, 15 S. & R. 61; Hall v. Rupley, 10 Barr 231. But in Kline v. Gundrum, 1 Jones 252, where there was as here a general exception to the statement sent

[Terry *v.* Drabenstadt.]

out, it was held that it was the duty of the party excepting, to point out and call the attention of the court to the particular item or items which were unsupported by any evidence. "It was the duty of the counsel," said Mr. Justice Coulter, "to have examined these accounts of claims, and if there was anything wrong in any item or any number of items, to have called the attention of the court below to those items and requested that they should be stricken out. As they did not do that we cannot and will not say that the court erred, because it does not appear that they were requested to, or that they did exercise any judgment of the suitableness or admissibility of those items."

Judgment reversed, and *venire facias de novo* awarded.