ALEXANDER *v.* BRIDGFORD.

Opinion delivered June 2, 1894.

59    195
e90    64

1. *Evidence—Tax-deeds.*

   A tax-deed regular on its face is *prima facie* evidence of the regularity of the tax forfeiture and sale.

2. *Evidence—Breach of warranty.*

   In an action for breach of a warranty against incumbrances, alleged to consist in having permitted the land to be sold for taxes, where defendant answered that plaintiff had, before the tax-sale, permitted the land to be sold under a mortgage exe-

cuted by him, plaintiff may show a redemption from the mortgage pending the trial.

3. *Warranty in deed executed under consent decree—Effect.*

A covenant of warranty contained in a deed, executed in pursuance of a consent decree, is binding on the grantor, and may be enforced against him.

4. *Damages—Breach of warranty.*

The measure of damages for breach of a warranty against incumbrances in a deed to land where the warrantee's title to a portion of the land is entirely defeated by an incumbrance, which has been converted into an adverse and indefeasible title, is so much of the consideration paid as is proportioned to the value of the land lost, with interest. And it is immaterial that the warrantee had an opportunity to buy in the incumbrance on moderate terms, but did not do so.

Appeal from Clay Circuit Court, Western District.

JAMES E. RIDDICK, Judge.

STATEMENT BY THE COURT.

This is an appeal from a judgment for damages awarded for breach of warranty against incumbrances in the deed of conveyance of land by the appellant and wife to the appellee, which covenant is as follows: "To have and to hold said lands, as above conveyed, to the said Jefferson Bridgford, and to his heirs and assigns, hereby warranting and defending the title to said premises against any and all incumbrances done or suffered by us, and against none others whatever." This deed was executed by the appellant and his wife in pursuance of, and in accordance with, a decree in chancery, rendered by consent, and between the parties here, to rescind a sale of lands, a mill and machinery, made by the appellee to the appellant for the consideration of ten thousand dollars, to be paid by the appellant, as follows, to-wit: Sixteen hundred dollars to James Guthrie, in satisfaction of a balance due on a mortgage Guthrie held upon the lands; forty-five hundred dollars in deferred payments; and, for the remainder, to convey to appellee some lands

in Iowa.   There were about 1050 acres of the lands sold by Bridgford to the appellee.

Alexander, the appellant, failed to pay the notes, and Bridgford sued on them.   The cause was transferred to equity, where the consent decree for partition was rendered.   This decree was rendered August term, 1887, of the circuit court, western district, of Clay county, and omitting the caption is as follows:

"On this day come the parties to this cause, the plaintiff by his attorney, J. C. Hawthorne, and defendant, by attorneys F. G. Taylor and W. H. Cate, and, by consent of all parties, it is ordered, decreed and adjudged that the contract and trade, in which the notes herein sued on by plaintiff were executed and given, be in all things rescinded, and each party restored to all the rights, interests and property, or its equivalent, which he had at the time said contract was made and entered into.   It is therefore considered, ordered and decreed by the court, by and with the consent of both parties to this cause, that defendant, S. W. Alexander, convey to the plaintiff, Jefferson Bridgford, by proper deed, all the lands, mill machinery and other property, real and personal, which he may have acquired of said Jefferson Bridgford, by reason of contract or trade, which is the subject matter of this suit; that plaintiff, Bridgford, convey to the defendant, S. W. Alexander, by proper deed, the lands in the State of Iowa, which he acquired of said defendant in and by virtue of the contract which was the subject of controversy in this suit, and put the defendant in possession thereof; also, that he cancel and return to the defendant the promissory notes herein sued on; also, that plaintiff pay the defendant the value of all personal property he received by reason of this said contract.   The conveyances, herein decreed to be made by the respective parties, to be executed in due form, according to the laws of the State

wherein the property to be conveyed is situated, and to
convey to grantee, all and in full, the entire right and
interest and property which he had or held in the prop-
erty at the date of original conveyance mentioned in
pleadings in this suit, and free from all incumbrances
and taxes, except such as existed at date of original con-
tract between the parties herein. The form and suf-
ficiency of said conveyances to be subject to the ap-
proval of this court. It is further considered, decreed and
adjudged by the court that an account be taken by G. B.
Oliver, special commissioner, between the parties, in
which the parties hereto shall be charged with the amount
of any incumbrances and taxes which may have been per-
mitted to accumulate against any of the property held by
either party, or his vendee, since the date of original
trade, also with any wanton or wilful destruction of im-
provements, or any forfeiture of any rights or easements,
or any depreciation of improvements except ordinary
wear of usage, also all timber used, and all rents and
profits which might properly arise from the proper use of
the lands mutually traded by the parties; it being intended
by this decree that both parties shall be restored to their
respective rights, and, on the account thus taken, a bal-
ance will be struck, and judgment rendered in favor of
the party in whose favor, and for the amount, the bal-
ance may be found; and in case the plaintiff, Jefferson
Bridgford, should in any event fail to make restitution
to the defendant, as herein agreed and decreed, or in any
respect fail to perform what is herein required of him,
or to make to defendant all his rights herein decreed, on
the account to be stated, then a decree will be rendered
against him for such sum as may make defendant secure
in all his rights herein; and, to properly secure said de-
fendant, in the payment of such a decree, a lien is and will
be retained on all the property, real and personal, which
defendant is herein decreed to convey to plaintiff, to-wit:

(Same lands as described in amended complaint and other lands). It is further ordered that both parties take proof as to account to be stated; and that, on the compliance of both parties with the findings of this decree, according to approval of this court, each party put the other in possession herein decreed and to be conveyed. It being further ordered and decreed, however, that if said plaintiff, Jefferson Bridgford, shall in good faith deliver possession of the land herein decreed and agreed to be conveyed to defendant by plaintiff to the defendant or to his agent, the defendant shall forthwith deliver possession of the lands and mill herein described to plaintiff; and in case plaintiff shall make or tender possession as herein ordered, or defendant shall refuse or fail to take possession of the lands in Arkansas, and the mill thereon, on the filing of an affidavit by plaintiff, he shall have an order of possession at once; provided, further, no such writ of possession shall issue until after sixty days from this date."

The plaintiff (appellee) in his complaint set out the above facts, made exhibits of the copies of deed and the decree, and averred "that, after the date of the original conveyance of said land by plaintiff to defendant, as set out in said decree, and before the date of said decree, to-wit, on the 11th day of August, 1887, which fact was entirely unknown to this plaintiff, said defendant permitted said lands to be sold for taxes; that he failed to redeem said lands from the purchaser thereof; and, the land being wild and unoccupied, the purchaser by virtue thereof entered upon said lands, and took possession thereof, to the damage of this plaintiff in the sum of five thousand dollars;" and prayed judgment.

Defendant answered as follows: "And now comes the defendant, and, by leave of the court here, for that purpose, first had and obtained, in vacation, and answering plaintiff's complaint, here says: (1) By way of

demurrer, that said complaint does not state facts sufficient to constitute a cause of action. (2) Further answering, defendant states that he admits the decree was rendered as alleged; also that it directed defendant to convey said lands to the plaintiff. That said deed was executed to plaintiff by defendant for the consideration of one dollar, and the further consideration of the terms and provisions of said decree. That said decree, by its. terms and provisions, settled and expressly adjudicated all incumbrances by way of taxes or otherwise, which at the date of said decree were upon, or in any way affected said lands, in so far as defendant had suffered them to be affected; and said decree expressly directed that, in pursuance to said decree, all taxes on or against said lands, which it was the duty of the defendant to pay, should be ascertained by the special commissioner appointed by the court in said cause, and charged up on a statement of account between the parties, whereby such amounts due for taxes was duly estimated, or, if not, it was through the failure or neglect and refusal of plaintiff to present the same to the special commissioner appointed, and this action is hereby barred. (3) That said decree fully settled and adjudicated all claims, matters, liens, taxes and incumbrances of every kind between the parties thereto, in any way affecting said lands; and all such matters in relation to and growing out of said land transaction have been fully adjudicated and finally disposed of by this court."

There was testimony tending to show that Bridgford had no knowledge of the tax sale until after the time for redemption had expired, and evidence also to the reverse. There was evidence also to show that the land was lost to Bridgford by reason of the tax sale, or so much of it as was finally in controversy here. There was evidence tending to show the value of the land sold

at the tax sale, the value of the amount of that Bridgford lost, etc.

The tax deeds were introduced in evidence, to which the defendant objected, because no foundation was laid by proof that tax sales were legal, regular, etc.   The defendant, over objection of the plaintiff, read in evidence a mortgage by plaintiff and wife, dated March 26, 1883, to James Guthrie to secure $2,389.25, and the record showing foreclosure against all the land in the plaintiff's complaint.   The defendant then offered in evidence, and was allowed to read to the jury, over objections of the plaintiff, the master's report of sale of lands, under the Guthrie mortgage, the order for same, the record of confirmation of the sale, the deed of the master for the lands sold under the decree, and the record of its approval.   The defendant then read in evidence, over the objection of the plaintiff, the deed of J. A. McNeil as sheriff of Clay county, dated 21st of July, 1882, conveying to McMillen and Ebbart lands described in a deed of trust from M. L. Watts, which had been previously offered and read in evidence, over objection of the defendant, and was a deed from W. H. Shirk to M. L. Watts, purporting to convey all the lands described in plaintiff's complaint.   On the introduction of the said deed of trust, the plaintiff withdrew his cause of action, so far as it related to the mill tract of 25 acres, and the E. frl. ½ of section 1, T. 21 N., R. 5 E., containing 374 acres, leaving in controversy in this case only N. ½, S. ½, sec. 6, lots 4 and 5 in NE. ¼ and lots 4 and 5 in NW. ¼ of sec. 6, T. 21 N., R. 6 E., and all of frl. secs. 31 and 32 in T. 22 N., R. 6 E. in Clay county, Arkansas.

After the defendant closed his testimony, the plaintiff's attorney, over the objection of the defendant, was permitted to enter satisfaction on the record of the judgment of foreclosure in case of *James Guthrie* v. *Jefferson Bridgford* as to sec. 6, T. 21 N., R. 6 E., and secs. 31

and 32, T. 22 N., R. 6 E, which entry was signed "James Guthrie by J. C. Hawthorne, his attorney." This *redemption*, it appears, was made in pursuance of a previous understanding between Guthrie & Bridgford, and of a provision in the decree of foreclosure, and was made upon payment, as it recites, of $1000, and is of date June 8, 1892. The only objection to this entry by the defendant was that it came too late, and while the case was on trial, and after the defendant had closed his case.

Whereupon, the defendant prayed the court to instruct the jury as follows:

" 1.   The court instructs the jury that the measure of damage on the covenants of warranty, when the title wholly fails, is the consideration paid for the land; and the consideration stated in the deed is the evidence of that amount, unless, from the evidence, you find that the consideration actually paid was more or less than stated in the deed, in which case the measure of damages is the actual consideration paid with legal interest thereon to date; yet if from the evidence you find, that the only incumbrance on the land was a tax certificate of purchase, and that the time of redemption had not expired at the time of the making and delivering of the deed, then the measure of damages is only the amount necessary and requisite to redeem said land from tax lien with legal interest; and that the plaintiff under the law could not sit still and permit the land to be lost by his neglect to redeem, and then recover on the covenants of warranty the entire consideration paid for the land.

"2.   And the court instructs the jury that the record of tax sales is a public record, and imports public notice to all persons of sales made for delinquent taxes, and all persons buying lands are charged with the knowledge of what they could have seen and known by an inspection of these records.

"3. The court instructs the jury that all persons are bound to take notice of the public records, and all other matters affecting the title of lands purchased by them, that can be obtained by inquiring and ordinary business diligence; and if you, from the evidence, believe that the plaintiff in this cause knew that the land conveyed to him by defendant had been sold for taxes, and that the time for redemption had not expired, that he could have known such facts by an examination of the tax sale record, or otherwise, or by ordinary diligence and inquiry that a prudent business man would use in the transaction of his own business, then if, under the evidence, you believe the plaintiff has shown a right to recover, your verdict should be only for the amount it would have taken to redeem said land from the tax sale, together with legal interest thereon to this date.

"4. The court instructs the jury that if, from the evidence, they believe the deed sued on in this action was made in obedience to a decree in equity of this court, and not as a matter of purchase and sale between the parties, and was delivered to the plaintiff as such deed, then the plaintiff cannot recover on the covenant of warranty in the deed, and your verdict should be for the defendant.

"5. The court instructs the jury, for the defendant, that a final judgment at law or a decree in equity is conclusive between the parties thereto, and neither party can go behind said judgment or decree, to sue or recover for any matter that was settled in or by said judgment or decree, or matter that, under the terms of said judgment or decree, should have been adjusted or settled between the parties to said decree; and if, from the evidence in this case, you believe that the decree in controversy in this case was a final and full settlement of the controversy between the parties to this suit, and that the said plaintiff could have presented to the special

commissioner in that case, under the decree, his claim for taxes and incumbrances upon said land, permitted or suffered to remain by the defendant, and had the same adjusted in that proceeding, then the plaintiff is estopped from bringing any action on matters that said decree provided for the settlement of, and your verdict should be for the defendant."

Which instructions the court refused to give. To the refusal to give the instructions asked by the defendant, the defendant then and there excepted.

The court, of its own motion, gave the following instructions to the jury, to-wit:

"1. In this action the plaintiff sues defendant on a covenant against incumbrances done or suffered by defendant. Plaintiff alleges that defendant executed a deed to him for certain lands, described in complaint, with a covenant against incumbrances done or suffered by defendant; that, at the time said deed was executed, said defendant had, unknown to plaintiff, permitted said lands to be sold for taxes, and failed to redeem the same, and the purchaser obtained a deed to said land to plaintiff's damage.

"2. The deed introduced in evidence, from defendant to plaintiff, contains a covenant against incumbrances permitted by defendant, and if the jury believe from the evidence that, at the time said deed was executed, defendant had permitted said land to be sold for non-payment of taxes, and that, without the knowledge or fault of plaintiff, said forfeiture became final, and that plaintiff lost said land by reason of said incumbrance, they will find for the plaintiff, and assess his damage at the value of the land at the time said deed was executed; provided, that said damages can in no event exceed the value of the consideration given by the plaintiff to the defendant for said land, and interest thereon at 6 per cent. from date of deed. And the amount

of the consideration paid for the land by plaintiff is for the jury to determine, from the facts and circumstances in proof in the case. In other words, if the consideration given by the plaintiff to the defendant for said land, with interest from date of deed, be less than the value of the land, the jury, instead of assessing the damage at the value of the land, will allow only the amount of the consideration paid by the plaintiff to defendant for said land, with 6 per cent. from date of deed.

"3.  If, before the execution of the deed from defendant to plaintiff, the title of the land, or any portion thereof, has already been lost, by virtue of the foreclosure under a mortgage executed by plaintiff to a third party, then plaintiff cannot recover for loss of such portion of land, for the reason that the covenant of defendant is only for incumbrances done or suffered by himself. But if the property in question has been redeemed by the plaintiff by a tender of the amount of sale, and 10 per cent. interest thereon, then the mere fact that the land had been sold would not prevent a recovery by plaintiff after its redemption.

"4.  In order to redeem land sold under mortgage, the mortgagee must tender to the purchaser the amount for which the land sold, with 10 per cent. interest ; and if there be more than one tract of land sold, and the mortgagee desires to redeem only one of them, he must tender to the purchaser the amount for which said tract sold, with a statement or notification that tenders the same to redeem that particular tract."

To the giving of which the defendant then and there excepted at the time.

And the court submitted to the jury the following special questions, to be answered by them and returned with their general verdict, viz : "*Whole tract, 672 acres.* What do the jury find the value of the whole tract of land to have been in 1888, at the time deed from defen-

dant to plaintiff was executed? What do the jury find the value of the 349¼ acres, included in the mortgage to James Guthrie, to have been in 1888, at the time the deed was executed?"

To the asking of which questions by the court the defendant objected, as tending to mislead the jury as to what their general verdict should be, which objection was overruled by the court, and the said questions given to the jury, to which action of the court in requiring the jury to answer said special questions the defendant then and there excepted at the time.

After giving the above instructions, and after the case was being submitted to the jury on the evidence and instructions of the court, and in the middle of the last argument to the jury on behalf of the defendant, which said argument was limited to twenty-five minutes, the court of its own motion gave the following instructions, namely : "The jury have been told that it is for them to determine the amount of value of the consideration paid or given by plaintiff for the land in question, which he alleges to have lost by reason of incumbrances suffered by defendant. In arriving at their conclusion on that question, they may look, not only to the statements of the deed, but to any other consideration shown by the proof. If it be shown that plaintiff gave up, surrendered and conveyed to defendant notes, lands, or other property as a consideration for said conveyance, they may take the value of such property, if the same be proved, into consideration in arriving at their conclusion as to what consideration was given by plaintiff to defendant for said land." To the giving of which last mentioned instruction the defendant objected, and then and there excepted at the time.

Under the instructions of the court, the jury found a verdict for the plaintiff, and the jury also returned

into court the said special questions, with their answers, as follows, to-wit:

"What do the jury find the value of the whole tract of land to have been in 1888, at the time the deed from defendant to plaintiff was executed? Answer—Two dollars and thirty-one cents per acre. What do the jury find the value of the 249¼ acres included in the mortgage to James Guthrie to have been in 1888, at the time the deed was executed? Answer—Two dollars and thirty-one cents per acre. LOUIS OLIVER, Foreman."

The jury returned a verdict for the plaintiff in the sum of fourteen hundred and sixteen dollars. Motion for new trial was overruled, and the defendant appealed.

*D. Hopson* and *J. Perry Johnson* for appellant.

1. All matters growing out of incumbrances or taxes were concluded by the consent decree. Pom. Rem. & Rem. Rights (2d ed.), secs. 453–4; Black on Judg. secs. 517, 518, 673 *et seq.*; 22 Wis. 311; 43 Cal. 306; 43 Barb. 628.

2. The consent decree provided for a commissioner to take an account of all *taxes*, *incumbrances*, *etc.* on the lands in controversy, and that the party liable be charged therewith. Plaintiff's remedy was by motion under the decree, or by supplemental bill to compel the carrying out of that decree; and no evidence should have been permitted in this case as to taxes, incumbrances, or other matters settled, or that could have been settled, by that decree. 17 Ark. 203; 18 *id.* 85; 43 *id.* 439; 18 Vt. 77; Wait's Ac. & Def. vol. 1, p. 156, 29; 3 *id.* 203 *et seq.*; 1 Barb. 648; Story Eq. Jur. sec. 64.

3. The court erred in allowing the entry of satisfaction of the Guthrie mortgage after the evidence on both sides had been presented. The mortgage was merged in the judgment of foreclosure, and had no force, vitality or effect, except to mislead and deceive the jury.

11 Fed. Rep. 657; 74 Mo. 477; 88 N. C. 95; 27 Fed. Rep. 851; 14 Atl. Rep. 756.

4. Evidence as to the *value* of the land was inadmissible. The purchase money with interest is the measure of damages. 1 Ark. 331; 54 Ark. 195.

5. Review the instructions, contending that there was error. The court stated the plaintiff's cause of action or contention, but entirely omitted to call the attention of the jury to defendant's theory or defense. 24 Ark. 540; 14 *id.* 295; 16 *id.* 593; 29 *id.* 151; 30 *id.* 383. The second instruction is erroneous, in telling the jury they could damages at the *value* of the land, etc., when the true measure is the consideration and interest. 1 Ark. 313; 52 *id.* 322; 54 *id.* 195; 43 *id.* 439.

6. On an exchange of land, where title fails as to part, a recovery may be had of the value fixed at the time of the trade as the true consideration. 67 Tex. 177; see, also, 44 Iowa, 304; 31 Ark. 411.

*G. B. Oliver* and *J. C. Hawthorne* for appellee.

1. An objection *in gross* to all evidence is not sufficient. The attention of the court should be called to the particular evidence objected to. If there is *any* competent evidence, the objection should be overruled. 39 Ark. 420; 43 *id.* 391; 34 *id.* 421; 46 *id.* 527.

2. No request was made to the court to give defendant's theory of defense. 45 Ark. 539.

3. The objection to plaintiff's instructions is too general. 38 Ark. 539.

4. The instruction as to the measure of damages is the law. 54 Ark. 195.

5. The evidence fully sustains the verdict. Appellant failed to object or move for a new trial, on the ground that the verdict was excessive. 45 Ark. 524.

6. The court properly allowed the satisfaction of the Guthrie mortgage. It was defendant's duty to

satisfy this incumbrance. But the court's action is not made a ground in the motion for new trial. 51 Ark. 442.

7. The tax-deeds were *prima facie* evidence that the law had been complied with. Mansf. Dig. sec. 5781.

8. The consent decree does not bar plaintiff. The matter is not *res adjudicata*. A judgment in a former action is conclusive only when the same point was put in issue on the record, and directly found by the verdict of the jury. 9 Cush. 348; 5 Wall. 592; 7 *id*. 82; 53 Ark. 308; 11 *id*. 666. The order appointing a commissioner to state an account and report, to the end that a judgment may be rendered, is not a final judgment. 9 Paige, 36; 82 N. Y. 558. No question becomes *res judicata* until it is settled by a final judgment. 82 N. Y. 558; Freeman Judg. sec. 251; 4 Bibb, 556. The jury by their verdict found that plaintiff did not know the land had been sold for taxes, until after the tax deeds were executed.

HUGHES, J. (after stating the facts). The objections of the appellant to the admission in evidence by the circuit court of the various tax-deeds showing the sale of the lands for taxes, on the ground that no foundation was laid, showing forfeitures and the legality of tax sales, is not tenable, as the deeds themselves make a *prima facie* case of compliance with the law in all steps taken by the officers of the law, prior to and including the sales, unless the deeds were void on their faces, which is not contended.

*1. Admissibility of tax-deeds in evidence.*

There was no error in the court's permitting satisfaction of the Guthrie mortgage, as the decree of foreclosure provided for the redemption of the lands sold thereunder, and it was doubtless understood between the parties that they could be redeemed.

*2. Evidence of breach of warranty.*

14

3. As to warranty in deed executed under consent decree.

There was no error in the court's refusal to give instructions as asked by defendant below, as the decree was not *in invitum*, but by agreement and consent of the parties, in accordance with which the deed was executed, for breach of covenant against incumbrance in which this action was brought.

There was no prejudicial error in the instructions given by the court. The principles of law which they announce are correct.

4. Measure of damages for breach of warranty.

There was evidence which showed a breach of the covenant against incumbrances, and that the legal title to the land, to which this controversy relates, was defeated, and this was equivalent to eviction, the lands being wild and unoccupied. It was ascertainable, from the evidence, what the proportion of the value of the land lost bore to the whole number of acres sold. The measure of damages for breach of covenant of warranty, in a deed to land, against incumbrances, where the covenantee discharges the incumbrance, is the reasonable amount required to discharge the incumbrance, with reasonable cost of procuring the discharge. But in no event can this amount exceed the amount of the consideration paid with interest. It is competent to show the real consideration to be more or less than that mentioned in the deed, though the recital that there was a consideration cannot be contradicted. But, where the covenantee's title is entirely defeated by the incumbrance being changed into a title adverse and indefeasible, the plaintiff is entitled to recover the money he paid for the land with interest. *Jenkins* v. *Hopkins*, 8 Pick. 346; *Chapel* v. *Bull*, 17 Mass. 213; *Patterson* v. *Stewart*, 6 W. & S. 527; *Willets* v. *Burgess*, 34 Ill. 500; *Willson* v. *Willson*, 5 Foster (N. H.), 235; 4 Kent, Com. 474. The purchaser need not wait till he is evicted, but may satisfy the incumbrance, and then bring this action to recover for breach of the cove-

nant of warranty against incumbrances. *Delavergne* v. *Norris*, 7 Johns. 358; *Stanard* v. *Eldridge*, 16 Johns. 254; *Garrison* v. *Sandford*, 7 Halstead, 261. In such a case, the measure of damage is the reasonable amount required to discharge the incumbrance and the cost of the discharge. "Yet the purchaser is not bound to buy in the incumbrance, though it be offered to him on moderate terms." *Miller* v. *Halsey*, 2 Green, 48. When the incumbrance is changed into a title adverse and indefeasible, the criterion of recovery, if less than the whole land is lost, is so much of the consideration paid as is proportioned to the land lost. *Hunt* v. *Orwig*, 17 B. Monroe, 85.

There was evidence upon which the jury might have found the verdict they returned in the case.

Finding no error, the judgment is affirmed.

The Hon. J. E. Riddick did not participate in the consideration and determination of this cause, having presided as circuit judge at the trial in the court below.