## Kinsel, Appellant, v. Baird.

*Appeals—Assignments of error—Judgment n. o. v.*

1. An assignment of error to an order entering judgment for defendant n. o. v. is in proper form, which complains of the action of the court in entering the judgment, quotes from the record the defendant's motion for judgment with the reasons therefor, the opinion of the court below, and finally the order directing the entry of the judgment.

*Deeds—Boundaries—Street.*

2. Where a deed calls for a "fifty foot street" as a boundary, there is an implied covenant on the part of the grantor that there is a way corresponding with the one described in the deed and that the grantee shall have the benefit of it; but the grantor may subsequently by deed convey the fifty foot strip to another person without breach of the covenant inasmuch as he may convey a fee in the land subject to the first grantee's easement of a right of way. If, in such a case the first

grantee permits the second grantee to construct a fence across the right of way, the first grantee cannot maintain an action against the grantor for a breach of the implied covenant, created by the first deed.

Argued Oct. 30, 1913. Appeal, ·No. 205, Oct. T., 1913, by plaintiff, from judgment of C. P. Blair Co., June T., 1913, No. 262, for defendant n. o. v. in case of Emma J. Kinsel v. Thomas Baird. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for breach of covenant. Before EVANS, P. J., specially presiding.

At the trial there was a verdict for plaintiff for $150. Subsequently the court entered judgment for defendant ﹐ n. o. v.

The sole error assigned in its complete form was as follows:

The court below erred in entering judgment in favor of defendant, non obstante veredicto, as follows:

Defendant's motion for judgment n. o. v. or new trial.

Defendant's counsel moves the court to have all the evidence taken upon the trial of the case duly certified and filed so as to become part of the record, and for judgment in favor of the defendant non obstante veredicto upon the whole record, should the court refuse to enter judgment, defendant moves for a new trial for the following reasons:

1. The learned court erred in withholding from the jury the evidence as to fraud and mistake.

2. The learned court erred in deciding that there was not sufficient evidence of fraud or mistake to submit to the jury.

3. The learned court erred ·in affirming certain of plaintiff's points.

4. The learned court erred in refusing defendant's points.

5. The verdict is against the weight of the evidence, the charge of the court, and is excessive.

Opinion of the court sur motion and rule for judgment for defendant non obstante veredicto, and rule for new trial.

October 18, 1904, Thomas Baird, the defendant, and his wife conveyed to the plaintiff, Emma J. Kinsel, by general warranty fee simple deed, two pieces of land situate in Antis township, Blair county, each being 300 feet by 120 feet. The descriptions in part being:

"Beginning at the Northeast corner of West Second and Chestnut streets, and running thence along the Northwest side of said West Second street, North 38 degrees, 20 minutes East, 300 feet to a 50 foot street; thence along the Southwest side of said street, North 51 degrees, 40 minutes West 120 feet to a 20 foot alley;" and "beginning at the Southwest corner of West Third and Chestnut streets, and running thence along the Southwest side of said West Third street, North 38 degrees, 20 minutes East, 300 feet to a 50 foot street; thence along the Southwest side of said street, South 51 degrees, 40 minutes, East, 120 feet to a 20 foot alley."

According to the deed the call on the east is for a fifty foot street. At the time of the conveyance to the plaintiff the land had not been plotted or the streets designated by any visible marks on the ground. The land conveyed was located in a field. The defendant, however, contemplated plotting it. The strip of land fifty feet in width lying immediately east of the land conveyed to the plaintiff—the land that was intended for the fifty foot street, according to the deed from the defendant to the plaintiff, was, at later dates conveyed by the defendant to Grant Taylor and Mrs. Shoenfelt.

In this suit the plaintiff claims to recover damages in assumpsit for breach of covenant for failure to open for public use the said fifty foot street.

The case was tried upon the theory that the market value of the land conveyed to the plaintiff by the defendant, without a fifty foot street on the east, was less than with such a street located there; the difference in market value as of the date of the deed being the measure of damages, and the jury returned a verdict in favor of the plaintiff for $150. This in the light of the testimony was clearly erroneous. The request for binding instructions to and a verdict for the defendant should have been affirmed and a verdict directed for the defendant.

From the undisputed facts in the case the plaintiff under the deed from the defendant acquired a fee to the street line only, and an easement only over the bed of the unopened street. She acquired no fee in any part of the bed of the unopened street, as she would have acquired had the street been an open street when she bought: Ferguson's App., 117 Pa. 426; Transue v. Sell, 105 Pa. 604–7.

In Clymer ·v. Roberts, 220 Pa. 162, Mr. Justice ·Potter in speaking for the Supreme Court says:

The question here raised is whether the language of the deed from Wellens to Ryan, by which the property was described as extending "to the middle line of Howard street (fifty feet wide); thence along the middle line of said Howard street," vested in the grantee and his successors in title, the right to the use of Howard street as an open·highway, and entitled them to prevent any obstruction of, or the erection of buildings upon, such street. The learned judge of the court below has with great care and accuracy collected and considered the cases bearing upon the question involved, and has drawn from them the correct rule. Under the authorities cited, and from others which might be added, it is clear that if the boundary given in appellee's deed had been merely "Howard street, 50 feet wide," he would have taken an easement in an unopened street of that width to the eastward of the land conveyed to him. In Grier v.

Sampson, 27 Pa. 183 (190) this court said: "A conveyance of land bounded by a road or street, gives the grantee a title to the middle of the road or street, if the grantor owned thereto; and in the absence of title papers we are to presume that a lot bounded by a street extended to the middle of it." And in Spackman v. Steidel, 88 Pa. 453, Justice MERCUR said: "It is settled law in this state that when a public street or highway is called for as a boundary in a deed, the grantee takes title in fee to the middle of the street, if the grantor had title to it, and did not expressly or by clear implication reserve it. Where the street called for as a boundary is not a public highway, nor dedicated to public use, the grantee does not take title in fee to the center of it, but by implication acquires an easement or right of way only over the lands." This was followed in Ott v. Kreiter, 110 Pa. 370, where Justice GORDON said (p. 378): "Where a street called for as a boundary, is not a public highway, though the grantee does not take a fee to the center of it, yet he does thereby acquire an easement, or right of way therein." And it was again followed in Andreas v. Steigerwalt, 29 Pa. Superior Ct. 1, where RICE, P. J., after quoting the above language of Justice MERCUR, said (p. 4): "There is in such a case, it has been said, an implied covenant that there is a way corresponding with the one described in the deed, that so far as the grantor is concerned it shall be continued, and that the grantee, his heirs and assigns, shall have the benefit of it."

In Gamble v. Philadelphia, 162 Pa. 413, a grantor had conveyed land as bounded by an unopened street. Justice GREEN, referring to the rights of the grantee, said (p. 421): "Beyond all question they had a right of free passage over the street, and it could not possibly be occupied by buildings, either as against the city or the plaintiff's grantees. It was of no use to theorize about the value of the ground as building lots, since it could not lawfully be used for any such purpose."

In Cole v. Philadelphia, 199 Pa. 464, we said (p. 465): "The property in question was described as bounded by the line of Fifty-fifth street, which at that time was plotted, but unopened. Under the rule of law settled in Gamble v. Phila., 162 Pa. 413, and Whitaker v. Phœnixville Boro., 141 Pa. 327, the appellant took title in fee to the land, as bounded by the street, and an easement only, over the bed of the unopened street."

The plaintiff had not been injured at the time of the bringing of the suit. Assuming that her deed was promptly recorded, she will have an appropriate remedy whenever anyone interferes with her right of way over the fifty foot street.

And now, August 21, 1913, for the reasons above given the motion is allowed and the rule for judgment for the defendant non obstante veredicto is made absolute, and upon payment of the jury fee judgment is directed to be entered for the defendant, and the rule for a new trial is discharged.

And now, August 21, 1913, at the request of counsel for plaintiff an exception is noted and bill sealed.

*D. E. North*, with him *J. C. Wray*, for appellant.— The deed created an implied covenant that there was a street: Tesson v. Porter Co., 238 Pa. 504; Trutt v. Spotts, 87 Pa. 339; Andreas v. Steigerwalt, 29 Pa. Superior Ct. 1; Hancock v. Philadelphia, 175 Pa. 124.

*Thomas H. Greevy*, for appellee.—In view of the fact that the street was not opened, not used as a public street and not plotted upon any plan, the plaintiff through her deed acquired a fee to the street line only and an easement over the bed of the street: Ott v. Kreiter, 110 Pa. 370; Cole v. Philadelphia, 199 Pa. 464; Andreas v. Steigerwalt, 29 Pa. Superior Ct. 1; Scholl v. Emerich, 36 Pa. Superior Ct. 404; Clymer v. Roberts, 220 Pa. 162; Saccone v. West End Trust Co., 224 Pa. 554; Whitney v. Welshans, 50 Pa. Superior Ct. 422.

OPINION BY HEAD, J., March 12, 1914:

The motion to quash this appeal cannot be allowed. The single error assigned is the action of the learned court below in entering judgment for the defendant non obstante veredicto. The manner in which this error is assigned does not violate any rule of this court. On the contrary, the practice followed is to be commended. The assignment complains of the action of the court in entering such judgment and then proceeds to quote from the record the defendant's motion for judgment with the reasons therefor, and the opinion of the learned trial judge, concluding with the order directing the entry of judgment.

By a deed dated October 18, 1904, duly recorded on November 21, 1904, the defendant, the owner of a tract of land which he had laid out in lots, conveyed to the plaintiff two portions of said tract. In describing each portion, the eastern boundary thereof respectively was designated as a "fifty foot street." There was not at the date of this conveyance, and had not been prior to that time, any public road or street along the eastern line of the land conveyed to the plaintiff. But it is quite clear, from the numerous cases cited in the opinion of the learned court below, that the deed referred to created an implied covenant on the part of the grantor "that there is a way corresponding with the one described in the deed; that so far as the grantor is concerned, it shall be continued and that the grantee, his heirs and assigns, shall have the benefit of it." This doctrine is reiterated in the very latest utterance of the Supreme Court on the subject: Shetter v. Welzel, 242 Pa. 355. If the plaintiff may recover in the present action, she must show a breach of that implied covenant and that she has been deprived, in whole or in part, of the easement of way appurtenant to the land she had purchased. What is the nature of the alleged breach which she seeks to make the basis of her action?

On July 26, 1906, Baird, her grantor, and the present

defendant, sold and conveyed to one Grant Taylor the fifty-foot strip of ground east of the land conveyed to the plaintiff, being the same strip over which he had covenanted she, the plaintiff, and her successors in title, should have an easement of way. When this deed was made the plaintiff's deed had been recorded nearly two years. Of course her grantor had no power, by any act of his, to destroy or extinguish the easement which he had previously granted as an appurtenance to the land of the plaintiff. Her right to that easement was as well secured to her as her title to the land itself, the primary subject of her earlier conveyance. What her grantor could not do directly, he could not do indirectly by a conveyance to a subsequent purchaser who was visited with record notice of the earlier grant. His conveyance to that later purchaser, no matter in what form it was made, or what it purported to convey, could vest in the grantee nothing more than remained in the grantor after his earlier grant. Subject to the right of the plaintiff to continue to enjoy her easement of way, the defendant had a perfect right to convey the title to the strip that remained in him. More than this he could not and did not convey to the later purchaser. The mere execution of the second deed, therefore, was no breach of the implied covenant created in the earlier deed.

It is true it appears the grantee in the later deed, or his successor in title, has built a wire fence across the strip of ground which was subjected to the servitude of the plaintiff's easement. Had that act been done against the will of the plaintiff and thus obstructed her use and enjoyment of her easement, we are not prepared to say she would not have a cause of action against the defendant; on the theory that by making a deed in fee to the later purchaser, her grantor had, as far as he could, brought about such injury to the plaintiff as would follow any exercise by the later purchaser of any right ordinarily incident to the title with which the defendant

had invested him. But the testimony further discloses that before this fence was built, permission to erect it was sought and granted by the plaintiff. Apparently this was a recognition by the later purchaser of the right of the plaintiff to her easement. If what she granted was a mere permissive license, without any valuable consideration, for the construction of a fence, she may revoke it at her pleasure.

Under these circumstances we are of opinion the plaintiff's action was premature. We are unable to see wherein there has been any substantial breach of the implied covenant created by the deed of her grantor that she should have an easement of way along the eastern side of her property. That being true, it is manifest the case was tried on the wrong theory and there was no legal foundation for a verdict in her favor, representing the difference in the value of her entire property with the easement appurtenant and without such easement. She has not lost it so far as this evidence discloses. If hereafter, by any act of her grantor, or of his later grantee or successors in title, there should be an attempt to deprive her of the use and enjoyment of her easement, the law will afford her ample remedy either to prevent such injury or secure compensatory damages.

For these reasons we agree with the learned court below that the record presents no adequate legal foundation to support the verdict which was rendered. As a consequence the action of the learned court below in entering judgment n. o. v. ought not to be disturbed.

Judgment affirmed.