## Wazonek et al. v. Saul.

*Real estate—Agreement to sell—Covenant against encumbrances—Special warranty—Breach of covenant—Wife of grantee as joint plaintiff.*

1. A deed with special warranty does not supersede an agreement to convey clear of encumbrances.

2. A breach of covenant against encumbrances does not warrant an action for breach of it, unless, and until, there has been an eviction or a disturbance of quiet enjoyment and possession amounting in law to a breach of the covenant against encumbrances.

3. The purchase of real estate by a husband, putting the title jointly in himself and his wife, is a gift to her of an interest in the land, which, being a right by the entirety, would seem to enable, and, indeed, require, her to join in an action upon the agreement to convey a title free from encumbrances.

*Assumpsit.* Rules for new trial and judgment *non obstante veredicto.* C. P. Berks Co., June T., 1920, No. 138.

*Joseph R. Dickinson,* for defendant and rules.

*R. G. Bushong* and *Ellis Brodstein,* for plaintiffs.

ENDLICH, P. J., Dec. 23, 1922.—On April 15, 1916, the defendant entered into a written and sealed agreement with Michael Wazonek to convey to the latter a certain piece of real estate, covenanting that defendant "shall and will, by a good and complete title, grant, convey and assure unto the said Michael Wazonek in fee simple, clear of all encumbrances," the said real estate. The agreement provided for monthly payments and for delivery of the deed and possession when the full amount of purchase price has been paid as stipulated in the agreement. The vendee was also to pay the taxes and water rent, keep the property in good repair and carry insurance. The expenses of conveyance were to be paid by him. On Feb. 5, 1920, a deed with special warranty was executed and delivered by the defendant to Michael Wazonek and Dorothy Wazonek, his wife, for the premises described in the agreement of April 15, 1916. Prior to the execution of the deed, Michael Wazonek asked the defendant about the title. The defendant replied that the title was all right, but that Wazonek should have it examined himself, and that he ought to get his own lawyer to examine it. Thereupon Wazonek went away, and, returning, reported that he had had it examined and found it to be all right. Thereupon the deed was delivered. Almost immediately after delivery of the deed, the plaintiffs, grantees in the same, instituted a proceeding under the Act of May 8, 1895, P. L. 44, to No. 32, May Term, 1920, to obtain from the court a decree of cancellation and satisfaction of a mortgage given upon the property on April 3, 1882, by Hedwig Fritz et al. to Gottlieb Rehm to secure a balance of $500, the mortgage being recorded in Mortgage

Wazonek et al. *v.* Saul.

Book 45, page 567. To obtain this decree, the plaintiffs paid the court costs, amounting to $42.70, recording, $3.50, and an attorney's fee of $35, a total of $81.20, and thereupon brought suit against the defendant, declaring upon the agreement in writing to convey to Michael Wazonek, one of the plaintiffs, a title free from encumbrance and a conveyance in pursuance of the written agreement, and seeking to recover the moneys expended in procuring the decree under the Act of 1895. At the trial, the plaintiffs offered in evidence the written contract, the conveyance and certain stipulations as to the facts above stated, together with the further facts that plaintiffs never called upon the defendant to take any steps to have the mortgage canceled of record, and that the attorney's fee was paid by plaintiffs to their own counsel. There being no facts in dispute, the court, by general consent, directed a verdict for the full amount of plaintiffs' claim and entered these rules.

1. A deed with special warranty does not supersede an agreement to convey clear of encumbrances: Lehman *v.* Paxton, 7 Pa. Superior Ct. 259, where it is said (at page 263) of a case then before that court: "If the clause of general warranty in the deed is broad enough to support the present action, then the agreement to convey clear of all encumbrances is superseded by the provisions of the deed. If the clause of general warranty does not comprehend the agreement to convey clear of all encumbrances, then such agreement is not merged in the deed. The execution of the deed superseded the contract to convey to the extent that the deed included the provisions of the contract. The provisions which are not included still remain in force by virtue of the original contract. The use of the word 'merge,' in this connection, is perhaps not accurate. The agreement does not merge in the deed, but is superseded by the deed. The agreement to convey clear of all encumbrances is not embodied in terms in the deed in this case. It is, therefore, an obligation subsisting and enforceable."

Hence, there is nothing in this transaction forbidding a suit upon the covenant of the agreement against encumbrances.

2. Nor, perhaps, is the joinder of the wife as plaintiff in such a suit improper. Where a husband buys real estate and has the title made to his wife, it is presumptively a gift to her of the land: Earnest's Appeal, 106 Pa. 310. Consequently, a purchase of real estate by the husband, putting the title jointly in himself and his wife, is a gift to her of an interest in the land which, being a right by the entirety, would seem to enable, and indeed require, her to join him in an action like this, if otherwise maintainable. And this would appear to be so all the more emphatically when it is considered that the grantor, by making the conveyance in that way, practically became a party to the transaction with the wife as well as with the husband.

3. But, passing that by as not required to be decided in view of the disposition to be made of this case, a breach of covenant against encumbrances does not warrant an action for breach of it, unless, and until, there has been an eviction or a disturbance of quiet enjoyment and possession amounting in law to a breach of the covenant against encumbrances: see cases cited in Biever *v.* Davis, 14 Berks Co. L. J. 140; 2 D. & C. 192. There is here no allegation or proof of anything of that kind, and, hence, plaintiff's claim cannot be sustained.

4. This makes it needless to discuss the question whether in plaintiffs' case there was an encumbrance in any proper sense, which it is claimed by defendant there was not, under the authority of Morgan *v.* Scott, 26 Pa. 51, the opinion of the Supreme Court declaring (at page 53) as follows: "There was an old mortgage on the land, nearly fifty years old, given to secure a life

3 D. & C.

annuity to a person who died long ago. It was not fair in the defendant to catch at such an objection as this. It was in fact no encumbrance. Still, in order to silence him, the plaintiff procured satisfaction to be formally entered on the record."

The application of this to the present case seems very obvious, but, as stated, need not be demonstrated or relied upon.

5. Finally, it is needless to pass upon the question whether or not, if otherwise demandable, a right to recover costs and counsel fees paid by plaintiffs in the proceeding to cancel the old mortgage can be successfully asserted by the plaintiffs: see Anderson's Admin'rs v. Washabaugh, 43 Pa. 115; Terry's Exec'r v. Drabenstadt, 68 Pa. 400, and cases cited in Trust Co. v. Insurance Co., 13 Berks Co. L. J. 212.

The unavoidable conclusion seems to be that the plaintiffs cannot recover in this action, and, therefore, the rule for a new trial is discharged and the rule for judgment n. o. v. is made absolute.

From Wellington M. Bertolet, Reading, Pa.