**Jones v. Hollar, Jr.**

Before Shughart, P. J. and Weidner, J.

*E. Robert Elicker, 2d,* for plaintiffs.
*John McCrea, 3rd,* for defendant.

SHUGHART, P. J., May 3, 1974.—On March 14, 1956, defendant conveyed to plaintiffs (hereinafter referred to as Jones), a lot of ground situated on the north side of Orange Street in the Borough of Shippensburg. Defendant was the owner of other land on the eastern boundary of the tract and in the deed he described the eastern boundary as being Craig Avenue. Craig Avenue was in existence, extending southwardly from the south side of Orange Street, but Craig Avenue was not laid out on any plan that was recorded showing its extension alongside the property conveyed. On August 19, 1969, defendant conveyed to Leeann Corporation a tract of land abutting the lot conveyed to plaintiffs on the east without reference to Craig Avenue, and, in the deed, referred to the western boundary of that tract as being the east boundary of the Jones tract. Thereafter, Leeann Corporation brought an action to quiet title against plaintiffs praying that the court confirm its title and, in effect, decree that the reference in the Jones deed to Craig Avenue conveyed no right-of-way over any portion of land conveyed by defendant, (hereinafter referred to as Hollar),

to Leeann Corporation. The case of Leeann Corporation against Jones was tried by a judge without a jury and resulted in a finding that Jones had an easement over a strip of land 20 feet wide adjacent to the property on the east over the land conveyed by Hollar to Leeann. See Leeann Corp. v. Jones, 58 D. & C. 2d 703, 22 Cumb. 15. Exceptions to this decree by both Leeann and Jones were overruled, 22 Cumb. 68, and on appeal to the Superior Court by both parties, the decision below was affirmed per curiam, 223 Pa. Superior Ct. 745.

Thereafter, the present suit was instituted by plaintiffs to recover from defendant, counsel fees, expenses and diminution of the value of the property for breach of the general warranty in the deed. At the pretrial conference it was stipulated that the counsel fees and expenses incurred by plaintiffs in the Leeann suit were in the amount of $2,117.39. The trial without a jury resulted in a finding in favor of plaintiffs in this amount. Exceptions to this finding have been filed by defendant which are now before us for resolution.

Defendant's first contention appears to be that since it was clear that the conveyance from Hollar to Jones gave the latter an easement by implication over the grantor's adjoining land to the east, there was no breach of warranty by the grantor when he conveyed the land to a third person, because this grant, of necessity, had to be subject to the easement. It is crystal clear *now* that this is so; however, it was sufficiently unclear to the second grantee to cause the institution of legal action which Jones was compelled to defend. At the very least, even if a right-of-way existed, Hollar's failure in the second grant to define the scope of the easement resulted in the lawsuit. The implication was made at oral argument that counsel for Leeann Corporation should have been sufficiently aware of the law to have refrained from suit. While such argument

might be made in many instances, it cannot be disputed that if Jones had not defended the Leeann Corporation action, the right-of-way would have been lost by default. The case of Kinsel v. Baird, 56 Pa. Superior Ct. 375 (1914), cited by counsel for defendant, involves a similar type grant; however, in case the original grantee was not subjected to suit by the second grantee but brought suit against the grantor contending that the second deed constituted a breach of warranty. The court rejected the argument stating that in the second deed the grantor conveyed only what was remaining in him following the first conveyance which was a fee simple subject to the right-of-way. That case differs from the instant case in one most important aspect in that, here, Jones had to pay counsel fees and costs to defend his ownership of the easement; whereas, in Kinsel, the first grantee's right of easement was never contested. For this reason, the Kinsel case is not controlling.

The deed from Hollar to Jones contained the words "warrant generally the premises hereby conveyed." Section 4 of the Act of April 1, 1909, P. L. 91, as amended, 21 PS §5, provides that the words:

" 'will warrant generally the property hereby conveyed,' shall have the same effect as if the grantor or grantors had covenanted that he or they, his or their heirs and personal representatives or successors, will forever warrant and defend the said property, and every part thereof, unto the grantee, his heirs, personal representatives and assigns, against the lawful claims and demands of all persons whomsoever."

There can be little doubt that the action brought by Leeann Corporation against Jones was an attack on the right of Jones to egress and ingress over certain land to the east of the tract conveyed.

Counsel for defendant has argued that plaintiffs should have called upon Hollar to defend the action brought against them by Leeann Corporation. See Terry's Executor v. Drabenstadt, 68 Pa. 400 (1871); Fulweiler v. Baugher, 15 S. & R. 45 (1826). The inapplicability of this principle to the instant case is obvious. If Hollar had been called upon to defend the Leeann suit, it would, of course, have been to his interest to have the decision go contrary to the Jones position and thereby relieve himself of responsibility for failing to mention the Jones easement in the Leeann grant. We have no difficulty in concluding that here, there not only was no necessity for Jones to call upon Hollar to defend, but it would have been foolhardy to do so.

Counsel for defendant further cites the Terry and Fulweiler cases for the proposition that even if there has been a breach of warranty by Hollar, plaintiffs may not recover the counsel fees and costs incurred in defending the Leeann suit. It is true that in the cases cited above, statements were made indicating that the grantee could not recover costs and counsel fees in the defense of title. The reason for that position is stated in Fulweiler v. Baugher, supra, at page 55:

"When a man purchases, and has a general warranty in his deed, he may, when ejectment is brought against him for the land, or a part of it, give notice to the warrantor to appear and defend the suit. And if notice is duly given, and he does not defend, the record of the recovery is conclusive evidence against him, in an action of covenant on the warranty. If the vendee does not give notice, but appears and defends, it has not been allowed him to recover his counsel fees paid, and his own expenses; *for there may be no ground of defence,* and he shall not subject his vendor, without

his knowledge and against his will, to *more than he is liable to on his covenant of warranty*. This, generally. There *may possibly be exceptions*, where the warrantor has left the state, and expense must be incurred before he can be found, and notice served; or in cases of fraud in the warrantor." (Italics supplied.)

In the Terry case, the defense undertaken by the grantee was futile and, therefore, the expenses incurred were disallowed.

Neither of these, nor any other case, is applicable to the situation here. The measure of damages for breach of contract is compensation for the loss sustained. The aim of the law is to put the injured party in the position he would have been in if the contract had not been breached: Maxwell v. Schaefer, 381 Pa. 13, 21 (1955). This measure is not changed when the general warranty in a deed is breached. Very simply stated, in this case, the original grantor made a second conveyance which, because of omission to refer to the grant of easement to the first grantee, caused the latter to incur expense by way of costs and counsel fees to defend his right of easement. Certainly, Jones was not required to stand by in the first suit, lose his easement, and then, upon suing his grantor, lose this second suit because the determination by the court in the first suit that he had no easement defeated his suit for breach of warranty. No case has been cited to us to prevent the original grantee from recovering these costs of defending his title.

## ORDER OF COURT

And now, May 3, 1974, for the reasons set forth above, the exceptions to the adjudication filed by defendant in the above matter are dismissed and the judgment is entered on the award.