JAMES RIGHT lessee of JOHN NICHOLSON *against* THOMAS MIFFLIN.

[S. C. 2 Dall. 246.]

In mercantile cases, a factory may generally prove his own authority: aliter in sales of lands by an agent, which must be by a written authority; but it is not necessary that the same be signed by the party.

EJECTMEMT for one messuage and 200 acres of land in Blockley township, in the county of Philadelphia.

The plaintiff founded his pretensions on a sale made by Edward Bonsal, as agent of the defendant, of the lands in question, and offered the said Bonsal to prove his authority.

The defendant's counsel excepted thereto.

By the court. The power of an agent authorized to sell lands must be in writing, and proved by indifferent witnesses, under the act "for the prevention of frauds and perjuries," passed 21st March 1772. (Prov. Laws, 462.) So it was resolved in the cases of the lessee of Jonathan Meredith v. Daniel Mauss, in January term 1793, and the lessee of John Girard v. George Krebbs, et al. at the last sitting in the city, the preceding week. It is true, this act of assembly should be construed liberally, and the law not requiring the written authority of the agent to be signed by the party, it is sufficient if the authority is reduced to writing by his orders, but of this due proof must be had. The court are bound to guard against fraud as well as perjury. In mercantile cases, a factory may in some instances prove his own authority. But it is otherwise in the sale of lands by an agent, by positive law.

Plaintiff nonsuit.

Messrs. Lewis and Gibson, *pro quer.*

Messrs. Ingersoll and Condy, *pro def.*