Radcliff, J.
delivered the opinion of the court.
The objections to the witness, Hervey, and to the propriety of the action in the name of the plaintiff, may be consider *326 ed in one .view. The argument of the defendants counsel as to,both, is founded on the idea that this witness, as one of the owners of the ship, was liable to the'defendant for all the-moneys delivered to the master, and if there was an over-payment, that the owners were entitled tó recover it, and not the plaintiff. It is true that the owners of a ship are generally liable to the shippers, for the skill and fidelity of the master whom they employ. Whether this liability ought to be limh ted to the amount of the property for which bills of lading were actually given, as has been supposed 'by the counsel for the plaintiff, or would extend to all property received by the piaster, in the ordinary course of the trade ih which he was engaged, it is unnecessary to consider. Admitting the responsibility of the owners in the fullest latitude, they were in fact discharged from it in the present case, by the actual payment of the sum in question to the defendant, who, if it Were originally due, could not afterwards maintain an action against them for it. They were also discharged from their' responsibility to the master, by his reimbursing the amount to the.witness, and allowing it in the settlement of their account! The plaintiff might have -disaffirmed the payment, and the witness, Hervey, would then have been compelled to seek his remedy against the defendant. But the plaintiff appears to have considered Hervey for this purpose, as acting in the capacity of his agent,: and having allowed the [*274] *payment, he thereby discharged him from all responsibility, and from all interest either as a witness or a party. It follows, -that if there was an over-payment, it became so much money received by the defendant to the plaintiff’s use.
Allowing the competency of Hervey as a witness, and that the action was rightly brought by the plaintiff, we think the evidence was sufficient to support the verdict. No part of the conduct of the plaintiff can be. construed into an admission that the money in question, was- due to the defendant.
■ On the contrary, considering that the defendant alleged that he had a receipt for the money in his possession, and; that he did not produce it, although he had ample opportunities for *327 that purpose, nor pretended that it was lost; considering also, that the account of the transaction at New Orleans, as given by his witness Dubuys, differs essentially from the account given by himself to Hervey, and that it is probable from the manner in which money is usually shipped from New Orleans, the sum in question, if received by the plaintiff, was included in the bill of lading, we think the jury were justified in the verdict they found, and that it is consistent with, rather than against, the weight of evidence.
Rule refused.(a)

 Generally as to the admissibility of agents, servants, and factors; see Mackay v. Rhinelander, infra, 488. Jones v. Hake, infra, vol. 2, p. 60. Abbot v. Sebor, infra, vol. 3, p. 39. 1 Phill. Ev. Cow. & Hill’s ed. 129 and references. “ Stewart v. Kip, 3 John. R. 256. Burlingham v. Deyer, 2 John. R. 189. Fisher v. Willard, 13 Mass. Rep. 379. Cox’s adm’rs v. Hill, 3 Ham. Ohio R. 423, 4. Trouard v. Beauregard, 1 Mart. Lou. R. 80. Ruan v. Gardner, 2 Condy’s Marsh. 706, b. See the remarks of Underwood, J. in Bank of Kentucky v. M’Williams, 2 J. J. Marsh. 260, et seq.; Also Hicks v. Fitzsimmons, 2 Condy’s Marsh. 706, and Wallace v. Child, 1 Dali. 7.
“ Thus, in an action to recover the difference upon a stock contract, it was held, that the broker who made the contract was a good witness to prove that he had received a parol authority from the plaintiff to make the contract; Livingston v. Swanwick, 2 Dallas,'300 ; and also to prove every part of the transaction. And the court further said, if the broker or agent were not permitted to give evidence of the instructions he received, (Which were oral in this case, and were usually so in similar cases,) it would be impracticable to ascertain the facts, that are essential to enable the court to decide upon the . merits of the controversy. Id. An agent or attorney is a competent witness for his principal, although the witness, by his testimony, may discharge himself from a supposed liability.
“ Thus, in an action against an officer for not seizing goods on an execution, which had been attached on mesne process, the attorney who commenced the suit is a competent witness for the plaintiff to prove the delivery of the execution to the officer, being considered by the court an agent for the plaintiff and his supposed liability going only to his credit. Phillips v. Bridge, 11 Mass. Rep. 242.
“ But in Pennsylvania, an agent to sell lands is not a competent witness to prove his authority. The power of an agent to sell lands is required by statute to be in writing and proved by disinterested witnesses. Meredith’s lessee v. Macoss, 1 Yeates, 200. Nicholson’s lessee v. Mifflin, 2 id. 38. S. C. 2 Dali. 246. Girard’s lessee v. Krebbs, cited 2 Yeates, 38. Plumsted’s lessee v. Rudebagh, 1 id. 502. Nor is the agent competent to prove that a written pow *328 er had been given, and was mislaid. 2 Dallas, 246. But one who purchased lands as the. agent of another, was held competent, to prove his authority, and to establish the purchase. Miller v. Hayman, 1 Yeates, 23. Steward’s lessee v. Richardson, 2 id. 89.
“ An assumed agent may be received either to prove or negative the fact of his being .such agent. Cox’s adm’r v. Hill, 3 Ham. Ohio R. 423, 4. Farther as to proofs by agents, and the manner in which their authority is to be established, see Renaudet v. Crocken, 1 Cain. R. 167; Stewart v. Richards, 1 Day, 406, note 1; and Proprietors of Kennebeck Purchase v. Call, 1 Mass. Rep. 483.” Cowen & Hill’s notes to 1 Phill. Ev. 254, 255,96, 97, 98. See also id. 264, for a collection of cases which present the various means of extinguishing, or neutralizing the.interest of a witnéss, besides release and payment.