## Myers *versus* Brodbeck.

1. In an action upon a covenant in a deed against incumbrances, the plaintiff can only recover for such incumbrances as he may have been compelled to have discharged.

2. Notice to a covenanter to appear and defend title in an action of eject-
ment, brought against the covenantee by one claiming the benefit of an
incumbrance, is not equivalent to notice to him to remove said incum-
brance

3. Whether a grantee by calling upon his grantor to remove the principal
of a widow's dower, against which the latter had covenanted, can re-
cover the full value of the same before it falls due, not decid

May 20th, 1885. Before MERCUR, C. J., GORDON, TRUN-
KEY, GREEN and CLARK, JJ. PAXSON and STERRETT, JJ.,
absent.

ERROR to the Court of Common Pleas of *York county:*
Of July Term, 1885, No. 38.

This was an action of covenant by Michael Myers against
Jacob Brodbeck, upon a covenant against a dower fund charged
upon premises conveyed by the defendant to plaintiff. Plea,
covenants performed, *absque hoc,* with leave, etc.

On the trial, the following facts appeared: Samuel King
died intestate in 1864, leaving a widow, Sarah King, and
eight children. At the time of his death he was seised in fee
of two tracts of land in York county.

Daniel King, a son of decedent, purchased the interest of
the other children and took a deed from them subject to the
following charge: "Subject nevertheless, to the payment of
$231.73, being the interest of $3,862.24, principal annually
to Sarah King, widow of Samuel King, deceased, during her
natural life, and after her death the said principal to be paid
to the legal heirs of the said Samuel King, deceased."

On executions issued against Daniel King, this property
was sold by the sheriff and William F. King, a brother, became
the purchaser. On February 6th, 1877, this purchaser made
an assignment for the benefit of creditors and the assignee
sold one of the tracts at public sale, and on April 1st, 1878,
executed a deed for the same to the purchaser, Brodbeck, the
consideration being $8,970.87, subject however to the follow-
ing charge: "Nevertheless subject to a lien of thirty-seven hun-
dred and sixty-two dollars and twenty-four cents ($3,762.24)
as a dower fund for the use of Sarah King; the interest thereof
shall be paid annually to her on the 1st of April, and the prin-
cipal at her death to the legal representatives of the said
Sarah King, and subject to the claims of the commonwealth,
if any."

On December 30th, 1879, Brodbeck and wife conveyed this
property to Kain and Rentzel for $14,000. In their deed no
mention was made of the charge in favor of Mrs. King, but it
contained a covenant as follows: "And the said Jacob Brod-
beck and Susan, his wife, for themselves, their heirs, executors

and administrators, do by these presents covenant, grant and agree to and with the said parties of the second part, their heirs and assigns, that they, the said parties of the first part, their heirs, all and singular the hereditaments and premises hereinabove described and granted, or mentioned, and intended so to be, with the appurtenances unto the said parties of the second part, their heirs and assigns, against them, the said parties of the first part, their heirs and against all and every other person or persons whomsoever, lawfully claiming or to claim the same or any part thereof, and especially by reason of the dower fund charged thereon shall and will warrant and forever defend."

On January 26th, 1880, these grantees conveyed this same property to Myers, the plaintiff, by a special warranty deed in which no allusion is made to the incumbrance of Mrs. King. Brodbeck continued to pay Mrs. King the annual interest due her by reason of said incumbrance, for two years after the conveyance to the plaintiff. When the interest of Mrs. King came due April 1st, 1882, Brodbeck refused to pay it, and thereupon Mrs. King brought her action of ejectment against Myers. The latter notified Brodbeck to appear to the action and defend his title against said incumbrance, who refused to so appear and defend. Thereupon, on September 7th, 1882, judgment was entered in default of appearance against Myers for said land, to be released upon the payment of the year's interest due Mrs. King. To prevent his land from being sold by the sheriff, Myers paid the amount of said judgment and costs, and thereupon brought this action of covenant against Brodbeck.

The plaintiff requested the court to charge the jury as follows: "That the plaintiff is entitled in this suit not only to recover the amount of money and costs paid by him in the ejectment against him, but also such sum as will indemnify him against the whole incumbrance upon his land, charged thereon as the dower fund of Mrs. Sarah King." *Refused.*

The court instructed the jury to find for the plaintiff $254.22, the amount of the year's interest and costs. Verdict and judgment accordingly. Plaintiff then took this writ, assigning for error the refusal of his point and the charge of the court.

*W. C. Chapman* (*E. W. Spangler* with him), for plaintiff in error.—The verdict should have been for the whole amount of the incumbrance with interest from the time of the last payment of the same, the incumbrance being of a permanent nature and of a kind that the covenantee cannot remove: Sedgwick on Damages, 199 *et seq.* ; Johnson *v.* Britton, 23 Indiana, 105. In Delavergne *v.* Norris, 7 Johns., 358, it was held that a

[Myers v. Brodbeck.]

covenantee, who had paid a part of a mortgage, could only recover for the amount actually paid; but the reason for this decision was that if he was to recover the value of an outstanding mortgage, the mortgagee might still resort to the defendant on his personal obligation, and compel him to pay it. But no such reason exists here. Brodbeck bound himself alone in the deed, and executed no dower bond or other personal obligation to Mrs. King. Here the land alone is liable; hence the rule will not obtain. *Cessante ratione legis cessat ipsa lex.*

Where the incumbrances be of a character which cannot be extinguished, such as an easement or servitude, an existing lease or the like, the damages are to be estimated by the jury according to the injury arising from its continuance: Lethbridge *v.* Mytton, 2 B. & A., 772; Rawle on Covenants for Title, 153; Rickert *v.* Snyder, 9 Wend., 423; Terry *v.* Drabenstadt, 18 P. F. Smith, 400; Funk *v.* Voneida, 11 S. & R., 109. In the latter case, Judge DUNCAN, as if in anticipation of a case like this, said: " Whether a grantee could not, by calling on the grantor to remove the incumbrance, recover this value, where there had been no sale, no eviction, and even before the mortgage money became due, is another question, which it is not necessary now to decide. But in tracing this doctrine, both in courts of law and equity, it is by no means clear, that in our mixed administration of law and equity, he ought not. It would be very inconvenient if he should not. Transfers of land are so very frequent; lands are so continually changing owners; the policy of our laws is so much in favor of removing every impediment in the way of alienation, and the hardship is so great on the grantee, who is entitled to the full benefit of his covenant, that I would feel a strong desire to relieve him, if by analogy to any principle of the common law, or any rule of equity, it could be done."

The notice to the defendant to intervene and defend plaintiff's title in the action of ejectment, embodied all the essentials of a notice to remove the incumbrance.

The fact that the title was in two of the heirs and was sold from them, would not extinguish their rights in the principal of the incumbrance payable after Mrs. King's death: Dech *v.* Gluck, 11 Wr., 403; Keim *v.* Robeson, 11 Harris, 456; Kline *v.* Bowman, 7 Id., 24.

*Henry L. Fisher (James Kell* with him), for defendant in error.—In an action of this kind, the plaintiff can recover only the amount he has paid, and if he has not paid anything, he can recover merely nominal damages: Delavergne *v.* Norris, 7 Johns., 358; Pitcher *v.* Livingston, 4 Johns., 1. Title has

already been in two of the heirs and the sheriff's sale against one and the assignee's sale of the other passed all their interest nt he same, hence there could not be a recovery for the full amount. -

Mr. Justice GREEN delivered the opinion of the court, October 5th, 1885.

The covenant sued upon in this case is a covenant against incumbrances, and the recovery under the direction of the court below was for the money actually paid by the covenantee. All the authorities seem to concur in stating this to be the measure of damages in such cases. Thus in Pitcher *v.* Livingston, 4 John., 1, the court said, VAN NESS, J.: "The covenant against incumbrances stands upon a different footing, and is governed by different principles. That is strictly a covenant of indemnity and the grantee may recover to the full extent of any incumbrances upon the land which he shall have been compelled to discharge. But even there it will be found that the same rule prevails in fixing the amount of damages as in actions upon the covenants of seisin and for quiet enjoyment, that is, the party recovers what he has paid with the interest and no more." In Delavergne *v.* Norris, 7 Johns., 358, the court said: "If the plaintiff when he sues on a covenant against incumbrances has extinguished the incumbrance, he is entitled to recover the price he paid for it. But if he has not extinguished it, but it is still an outstanding incumbrance, his damages are but nominal, for he ought not to recover the value of an incumbrance on a contingency where he may never be disturbed by it."

In Funk *v.* Voneida, 11 S. & R., 109, this court said: "A mortgage, though there can be no recovery on it until a year after the last instalment becomes due, is a present incumbent weight on the inheritance from the moment it was given. The law on this subject is laid down with precision and accuracy in the very able judgment of Chief Justice PARSONS in Prescott *v.* Trueman, 4 Mass., 630: 'If a mortgage is the incumbrance, it being only a collateral security, the grantee can only recover nominal damages unless he has removed it, because the mortgagee can compel the mortgagor to pay the debt which is the principal security; but if the grantee has paid it so that the mortgage is discharged, the sum secured by the mortgage is the measure of damages.' And I am of the opinion that where the mortgage money is not due, but the grantee chooses to pay it, the jury ought to allow him the fair price it necessarily cost him, for it would be a most inconvenient doctrine to hold that the vendee was to wait ten years until the last instalment became due, and the vendor a beggar. But whether

the plaintiff paid it or not, still he was entitled to nominal damages; the covenant was broken."

Mr. Rawle, in his excellent work on Covenants for Title, p. 289, speaking of the case of Delavergne v. Norris, *supra*, says: " This case has been frequently cited and approved, and the rule that nominal damages only are to be recovered for a merely technical breach of the covenant against incumbrances is supported by the entire weight of authority," citing numerous decisions.

While it is true that a reason for the rule given by some judges is that the mortgagee might resort to an action on the bond of the mortgagor, yet that is not a controlling reason, the more satisfactory one being that before the covenantee can recover the whole amount of the incumbrance, he must pay it. This was the view taken in Stanard v. Eldridge, 16 Johns., 254, where the general doctrine was affirmed as in Delavergne v. Norris. Chief Justice SPENCER speaking of that case said: " We there held that in a suit upon a covenant against incumbrances, unless the covenantee had extinguished them, as he well might, for his own security, and if they were still outstanding, the damages were but nominal; for that there ought not to be a recovery of the amount of an incumbrance on a contingency, when the covenantee might perhaps never be disturbed by it. It is supposed that this principle is not applicable here, for it is stated in the case that no bond was given; still the mortgagor might be sued in the covenant to pay the money, which is imported in every mortgage. We ought not to refine on this salutary principle, that before there can be a recovery on a covenant against incumbrances, the covenantor must pay and satisfy them."

In the present case the incumbrance is an annual charge in favor of a widow and a principal sum payable after her death to the heirs. The latter may not become due for many years and the plaintiff may never be called upon to pay it. It is true the land is liable for it, but so also is the defendant Brodbeck, who assumed to pay it, and therefore became personally liable for it. The plaintiff could have protected himself by withholding a sufficient amount of the purchase money, but he did not choose to do so, and was satisfied with Brodbeck's personal liability.

It does not appear that the plaintiff ever called upon Brodbeck to remove the incumbrance and therefore he would not be within the doctrine discussed, but not decided by Mr. Justice DUNCAN in Funk v. Voneida. Whether he can still do so and thereby entitle himself to present relief in some form, is a question which is not before us and which therefore we do not

decide.   But for the purposes of the present action we prefer
to adhere to the law as we find it, and therefore

The judgment is affirmed.