## Perrine v. Kohr, Appellant.

*Partition—Omission of party—Undivested interest—Orphans' court—Sale—Illegitimate.*

Where a man deserts his wife and child, and goes to another part of the country, and there marries again under an assumed name, while his first wife is living, and has children by his second wife, and many years after he dies, leaving real estate, and such real estate is sold in partition proceedings instituted by the illegitimate children, and it appears that the legitimate child had no notice of the proceedings, and that her name did not appear in the petition, decree and notices, and there is no evidence of an estoppel, her estate is undivested by the judicial sale.

Argued March 16, 1903. Appeal, No. 237, Jan. T., 1902, by defendants, from judgment of Superior Court, No. 2, Feb. T., 1902, affirming judgment of C. P. Lycoming Co., March T., 1900, No. 295, on verdict for plaintiff in case of Louisa L. Perrine v. Matilda Kohr et al. Before MITCHELL, DEAN, FELL, BROWN and POTTER, JJ. Affirmed.

Ejectment for land in city of Williamsport.

Appeal from Superior Court.

From the opinion of the Superior Court (20 Pa. Superior Ct. 36), among others, the following facts appeared: Stephen Pangburn was married to Sarah Giles in January, 1863, at Plainfield, N. J. On December 31, 1863, a daughter was born who was called Louisa. She is the plaintiff. Pangburn deserted his family shortly after the birth of the child. He went to Williamsport, Pa., and was there known as W. S. Allen. He died intestate, the owner of the lands in dispute. After coming to Williamsport, on November 11, 1865, he married Sarah Harman, his Plainfield wife being still alive. He had by Sarah Harman four children. He died in 1888. Administration was raised on his estate. On April 24, 1890, a petition in the orphans' court was presented by Edward Allen, a

son by the second marriage. The petition recited that W. S. Allen died seized of the lands described and set forth that he left a widow and four children, naming the family, resident in Williamsport. After the return of the rule to take or refuse at the appraisement, the court made an order of sale and the property was sold and the defendants in this ejectment purchased it, and the administrator delivered a deed to the purchasers pursuant to the order of the court. The plaintiff, Louisa L. Perrine, daughter and sole heir of the decedent, had no notice of the partition proceedings

Verdict and judgment for the plaintiff. Defendants appealed. The Superior Court affirmed the judgment. Defendants again appealed.

*Errors assigned* were in not sustaining the various assignments of error preferred in the Superior Court.

*C. La Rue Munson* and *John G. Reading,* with them *James B. Krause, John T. Fredericks* and *Addison Candor,* for appellants.— The orphans' court in the decree of partition decided everything which is involved in that decree. It decided that W. S. Allen died seized of the lands in dispute; that the petitioner was a lineal descendant of the decedent having an interest in the real estate; and that the parties named in the petition were the heirs of W. S. Allen, deceased. Whether these facts thus found be true or not, they must be presumed to have been true, when looking at the decree collaterally: Lair v. Hunsicker, 28 Pa. 115; Herr v. Herr, 5 Pa. 428; Ohmsen v. Ormsby, 32 Pa. 198; Merklein v. Trapnell, 34 Pa. 42; Grubb v. Galloway, 203 Pa. 236.

*Seth T. McCormick,* for appellee.—To our mind the counsel for appellants have, in this case, utterly ignored the questions which lie at its root. That the decrees of the orphans' court in the state of Pennsylvania are conclusive and cannot be attacked collaterally is no doubt true, except, as all the cases say, "for fraud or want of jurisdiction." What jurisdiction did the orphans' court of Lycoming county have to divide the lands of Louisa L. Perrine at the suit of the illegitimate children of W. S. Allen?

The effect of a decree in partition in the orphans' court is to divide what descends to the heirs, not to transfer the title from the decedent to his heir; partition operates only upon the parties to it: Dresher v. Allentown Water Co., 52 Pa. 225.

A partition in the orphans' court leaves the title as it found it. It does not decide title or create new title : Harlan v. Langham, 69 Pa. 235 ; Davis v. Dickson, 92 Pa. 365 ; Goundie v. Northampton Water Co., 7 Pa· 233 ; Ross v. Pleasants, 19 Pa. 157 ; McClure v. McClure, 14 Pa. 134.

In partition nothing can be sold but the title which was vested in the parties to the proceedings. The purchaser bids for that alone : Allen v. Gault, 27 Pa. 473.

When in proceedings in partition in the orphans' court, the name of a party in interest does not appear in the petition, decree and notices, unless it appear by affidavit that his name was unknown and publication made accordingly, his share or estate will remain undivided or undivested. Richards v. Rote, 68 Pa. 248 ; Duke v. Hague, 107 Pa. 57 ; Young v. Young, 88 Pa. 422 ; Stewart v. Miller, 4 W. N. C. 552 ; Ragan's Estate, 7 Watts, 438.

While, as a general rule, a decree of the orphans' court directing a sale of real estate cannot be impeached in a collateral proceeding, the principle does not apply where those whose rights and interests were injuriously affected by the decree, were neither parties to the proceeding nor ever had a day in court : Sager v. Mead, 164 Pa. 125.

A decree of an orphans' court is a nullity if pronounced upon a subject over which the court has no jurisdiction : Smith v. Wildman, 178 Pa. 245 ; Smith v. Wildman, 194 Pa. 294.

OPINION BY MR. JUSTICE FELL, May 4, 1903 :

The facts that give rise to the question to be considered in this case are fully stated in the report of the case in 20 Pa. Superior Ct. 36.

It was conclusively established by the verdict that the plaintiff was the sole heir of the decedent, who died intestate. She inherited all the real estate. She had no notice of the proceedings in partition, and the parties to that proceeding had no interest in the land. The judgment in partition did not decide

the title, nor create a new one. It did not transfer the title from the decedent to the parties to the proceedings, but operated only on the title which they possessed : McClure v. McClure, 14 Pa. 134; Allen v. Gault, 27 Pa. 473 ; Dresher v. Allentown Water Co., 52 Pa. 225. The plaintiff in order to establish her right did not attack this judgment collaterally. The judgment did not stand in her way as her right had not been adjudged by it. As to her it was a mere nullity. Her title was complete unless by silence when it was her duty to speak or by acquiescence in the acts of others to their prejudice, she was estopped. Of this there was not the slightest proof. She knew nothing of her father's death until shortly before she asserted her rights.

The judgment is affirmed.