# Chambers to use *v.* Reinhold, Appellant.

*Practice, C. P.—Parties—Warranty—Joint warrantors.*

An action on a general warranty in a joint deed cannot be maintained against the personal representatives of the deceased warrantors jointly. Death severs the joinder, and the right of action on the warranty remains against the survivor.

*Warranty—Deed—Measure of damages.*

In an action on a general warranty, where it appears that the plaintiff has been in peaceable possession of the premises for a long period of time, the court cannot give a binding instruction to the jury to take the purchase money of the interest as to which a breach is claimed, and add interest thereto regardless of possession, use, improvements, and the liability of the plaintiff for mesne profits.

*Warranty—Breach—Eviction—Possession.*

In an action on a general warranty contained in a deed plaintiff cannot recover, where it appears that there was no binding judgment or decree sufficient to amount to his eviction either actual or constructive.

The orphans' court has no jurisdiction to try and settle disputed titles and rights of possession of real estate in a partition proceeding.

Where a person is in quiet and peaceable possession of land under a deed of general warranty purporting to convey it all, and subsequently the orphans' court awards partition of this land and adjoining land under a petition which merely sets up an ex parte claim of title, and the grantee under the warranty deed purchases one of the interests awarded in the partition, he cannot make such a purchase a basis for an action on the general warranty. In such a case the facts that the plaintiff had a good title to a partial interest in the land, and that the defendants did not appear and defend in the partition proceedings, are immaterial.

Argued Dec. 6, 1906. Appeal, No. 181, Oct. T., 1906, by defendants, from judgment of C. P. Schuylkill Co., March T., 1906, No. 297, on verdict for plaintiffs in case of Lizzie Cham-

bers, now to use of John J. Cunningham, v. Eli S. Reinhold, Executor, and Emma D. Moore, Administratrix. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit on a general warranty in a deed. Before MARR, J. The facts are stated in the opinion of the Superior Court.

At the trial the plaintiff presented the following points :

1. By the final decree and adjudication of the orphans' court of Schuylkill county establishing the title of the Groody heirs to the undivided one-sixth part of, or interest in, the lot of ground which had been sold by the Moores to Mrs. Chambers, with a covenant of general warranty, and which lot was then held by the plaintiff under deed from Mrs. Chambers, the superiority of the title of the Groody heirs over the title, which the Moores sold to Mrs. Chambers, was judicially established, and said judgment or decree is prima facie evidence against the defendants in this case.

There is no process known to the law for the actual physical or bodily eviction and dispossession of the plaintiff Cunningham of such undivided one-sixth interest in said lot of ground, as there might have been if the whole title to the whole of said lot of ground, or any specific portion of it, as an entirety, had been involved in these proceedings, nor could there be legally an eviction or dispossession of the plaintiff of the whole of said lot by the Groody heirs, or any specific part thereof, on the decree in their favor, establishing their title to only the undivided one-sixth interest therein. Therefore, the judgment and decree of the orphans' court in the partition proceedings on the Margaret Curry estate was a constructive ouster and eviction of the plaintiff of the said undivided one-sixth part or interest in said lot, and gives the plaintiff a prima facie cause of action against these defendants for the recovery of the moneys he was obliged to spend to protect himself against such ouster, not exceeding the amount legally recoverable in such cases. *Answer :* These requests are affirmed, but the court reserves the question whether there is any evidence which entitles the plaintiff to recover. [2]

2. After Mary Sandman had in the partition proceedings, had in the orphans' court of Schuylkill county, on the real

estate of Margaret Curry, accepted said real estate, to wit: the whole of the lot of ground in Mahanoy City, formerly owned by the Moores, and subdivided and sold by them in four parts, of which the plaintiff held one of the so subdivided lots and premises, and the said Mary Sandman having become legally entitled to a formal award and adjudication by said court of the whole of said lot of ground to her, the plaintiff was not bound to await such formal award and adjudication of said lot of ground, with the buildings and improvements thereon, to the said Mary Sandman, or to await the institution by the said Mary Sandman of an action of ejectment, or other possessory proceedings, to oust him, or to have himself physically evicted from the premises, thus held and occupied by him, in order to entitle himself to the benefit of the general warranty clause in the deed from the Moores to Mrs. Chambers, and to pursue his remedy against the warrantors.

The plaintiff had a right to protect himself and his interests in the premises, and to buy his peace by purchasing the outstanding one-sixth interest in his lot of ground, so held by the Groody heirs, and also to purchase from Mary Sandman whatever rights or interests she acquired or secured in the premises, by accepting said lands in said partition proceedings, and by doing so the plaintiff did not forfeit or lose the benefit of the general warranty clause in the deed from the Moores to Mrs. Chambers, and the Moores were not relieved thereby from making good their warranty of their title to the whole of said lot of ground, and to the entire estate, but they remained, and still are, legally bound to make good their warranty in this behalf, and the plaintiff is entitled to recover in this suit the moneys he was obliged to pay out and expend in thus protecting himself in the premises, not exceeding the amount legally recoverable in cases of this character. *Answer ;* These requests are affirmed, but the court reserves the question whether there is any evidence which entitles the plaintiff to recover. [3]

3. A warrantee, or an alienee of a warrantee, when overcome by a superior title, and when such superior title has been judicially established, is not bound to have himself physically and bodily dispossessed and ejected from the premises, the title to which is thus warranted. There may be a constructive eviction by appropriate legal proceedings on such superior title,

such as the partition proceedings had in the orphans' court of
Schuykill county on the real estate of Margaret Curry, de-
ceased, to wit: the lot of ground and premises in Mahanoy
City here in question, and the decree of said court therein
established the superiority of the Mary Groody title over the
title of the Moores to the undivided one-sixth interest in said
lands, as warranted by them, and such judgment and decree
and proceedings in said court are equivalent to a constructive
eviction of the plaintiff.

The plaintiff was free, under these circumstances, for his own
protection, and to save himself from physical ouster from the
premises, held and occupied by him as aforesaid, to purchase
the so outstanding superior title to the undivided one-sixth
interest in said lands, and also to purchase from Mary Sandman
whatever interest she may have acquired in the premises, and
by doing so the plaintiff did not lose or forfeit his right to en-
force the general warranty clause in the deed from the Moores
to Mrs. Chambers, to be reimbursed for the moneys he was
obliged to expend in so doing, not exceeding the amount le-
gally recoverable in such cases.   *Answer :* These requests are
affirmed, but the court reserves the question whether there is
any evidence which entitles the plaintiff to recover. [4]

4. The plaintiff having notified the defendants in this case
as early as March 8 (and not later than March 11, 1904), of
the partition proceedings pending in the orphans' court on the
real estate in question, as the late estate of Margaret Curry,
deceased, and of the claim of the Groody heirs, as the owners
of the undivided one-sixth interest therein, and which notice
was served before the consummation of the purchase by the
said plaintiff from the said Mary Sandman, and from the said
Groody heirs, of their interests in the premises, the defendants
could and should have made some effort in the orphans' court
to protect the interests of the plaintiff in the premises, if the
claim of the Groody heirs or of Mrs. Sandman were unfounded,
or otherwise questionable, or if said partition proceedings were
in anywise impeachable.   The defendants having failed to do
so, or to take any notice whatever of the matter, though duly
warned, and the plaintiff having waited fully two weeks or
more after serving such notice upon the defendants before
consummating the purchase of the interests of the Groody

heirs and of Mrs. Sandman, and expending his money in the premises, the defendants did, in point of fact, have sufficient notice of these proceedings to at least have put them upon their guard, and to call upon them to take some action for their protection, and the protection of the plaintiff, if there had been any defense in the premises, or if said orphans' court proceedings were in anywise questionable; and they having failed to do so, by reason whereof the plaintiff became obliged to expend the moneys he did to buy his peace, and to save himself from physical eviction from his own property, the defendants are now bound by the proceedings had in the orphans' court, and are therefore also bound under the general warranty clause in their deed, to make good unto the said plaintiff the moneys he was thus obliged to expend in these proceedings, not exceeding the amount legally recoverable in such cases. *Answer :* These questions are affirmed, but the court reserves the question whether there is any evidence which entitles the plaintiff to recover. [5]

5. Under all the evidence in this case, the plaintiff is entitled to recover the amount, which he was obliged to pay out and expend in purchasing the outstanding undivided one-sixth interest in the lands in question, and in purchasing whatever interest Mary Sandman had acquired in the lands so occupied by him ; and being thus compelled to buy his peace, he is entitled to be reimbursed his outlays in the premises from the grantors and guarantors in the deed of the Moores to Mrs. Chambers, or such of them, or the estate of such of them as may be found legally liable at this time to a suit on such warranty. *Answer :* These requests are affirmed, but the court reserves the question whether there is any evidence which entitles the plaintiff to recover. [6]

6. That under all the evidence in the case, the plaintiff is entitled to recover from the defendants one-sixth of the amount of the purchase money paid by Mrs. Lizzie Chambers unto the Moores, for the property described in their deed unto her, which was since conveyed by her to the plaintiff, and is now held by him, to wit: one-sixth of $1,550, being $258.33.

The plaintiff is further also entitled to recover interest on said one-sixth part of the said purchase money from the date of the deed from the Moores to Mrs. Chambers August 9, 1886,

if it requires the whole amount of said interest to date to make the plaintiff whole in this case.

The plaintiff, however, only claims in this suit the amount actually paid out by him to purchase the outstanding one-sixth interest in said property held by the heirs of Mary Groody, to wit: $305.63, with interest thereon from March 22, 1904, $39.85; sum total of plaintiff's claim, $345.48.

This amount being less than the sum total of the one-sixth of the original purchase money paid by Mrs. Chambers, with interest calculated to date, would amount to.

The plaintiff, therefore, now asks only for so much of said interest on the said one-sixth of said principal sum of purchase money paid to the Moores as it is required to make up the amount actually claimed by him, to wit: $305.63, with interest thereon as stated, being altogether $345.48.

This amount the plaintiff is entitled to recover against the defendants, and the verdict of the jury must be in favor of the plaintiff and against the defendants for the amount so stated, $345.48. *Answer:* These requests are affirmed, but the court reserves the question whether there is any evidence which entitles the plaintiff to recover. [7]

Defendant presented this point:

Under all the evidence the verdict of the jury must be for the defendants. *Answer:* This request is refused, but the court reserves the question whether there is any evidence under which plaintiff is entitled to recover. [8]

Verdict and judgment for plaintiff for $345.48. Defendant appealed.

*Errors assigned* among others were (2–8) above instructions, quoting them; in admitting in evidence the record of the partition proceedings and (10) in entering judgment for plaintiff on point reserved.

*R. P. Swank* and *T. H. B. Lyon,* for appellants.—At common law, in the case of a joint contractor, only the survivor, or, after his death, his executor or administrator could be sued: 1 Chitty on Pleading, * 50; 1 Parsons on Contracts (6th ed., * 30 and 31; Weaver v. Shryock, 6 S. & R. 262; Githers v. Clarke, 158 Pa. 616.

The judgment of the orphans' court did not determine title: McClure et al. v. McClure, 14 Pa. 134; Goundie v. Northampton Water Co., 7 Pa. 233; Mehaffy v. Dobbs, 9 Watts, 363–376.

Title vests in an allotee in partition only when the recognizance has been given: Dornblaser's Estate, 22 Pa. C. C. Rep. 379; Robisson v. Miller, 158 Pa. 177.

John F. Whalen, Esq., was neither an heir nor an alienee of any heir of Margaret Curry, deceased.

A deed of a married woman in which her husband does not join is void, and passes no title to grantee: Overseers v. Overseers, 112 Pa. 99.

An agent's authority to contract must be in writing: Parrish v. Koons, 1 Pars. 78; Right v. Mifflin, 2 Yeates, 38; Lewis v. Bradford, 10 Watts, 67.

In order to support an action for breach of warranty of title the plaintiff must, in the declaration, allege an eviction: Patton v. McFarlane, 3 Penrose & Watts, 419; Clarke v. McAnulty, 3 Sergeant & Rawle, 364; Paul v. Witman, 3 Watts & Sergeant, 407; Dobbins v. Brown, 12 Pa. 75; Stewart v. West, 14 Pa. 336; Wilson v. Cochran, 46 Pa. 229; Knepper v. Kurtz, 58 Pa. 480; Sager v. Patterson, 15 Pa. Superior Ct. 147.

The above-stated legal principles are applicable whether the warrantee has the entire interest, or only an undivided fractional interest, in the land: Paul v. Witman, 3 Watts & Sergeant, 407; McGrew v. Harmon, 164 Pa. 115.

The measure of damages for failure of title is limited to the price of the land at the date of the deed, with interest, unless the land is improved and the purchaser has been in undisturbed possession, in which case the claim for interest is extinguished: Bender v. Fromberger, 4 Dall. 436; Brown v. Dickerson, 12 Pa. 372; Terry v. Drabenstadt, 68 Pa. 400; Wacker v. Straub, 88 Pa. 32; Tyson v. Eyrick, 141 Pa. 296; Cox's Administrators v. Henry, 32 Pa. 18; Jones v. Bland, 112 Pa. 176; Ege v. Kille, 84 Pa. 333.

*A. W. Schalck,* for appellee.—The decree of the orphans' court was conclusive: Smith v. Wildman, 178 Pa. 545.

OPINION BY MORRISON, J., March 11, 1907:

This is a joint action in assumpsit against the two personal

representatives of the estates of Michael J. Moore, deceased, and Thomas P. Moore, deceased, and Emma D. Moore, and resulted in a judgment against the personal representatives, and in favor of Emma D. Moore non obstante veredicto.

The plaintiff, Cunningham, alleged an eviction from the one undivided sixth of a house and lot which he held under a deed of general warranty, dated August 9, 1886, from Michael J. Moore and Thomas P. Moore to Lizzie Chambers, and deed dated August 5, 1895, from Lizzie Chambers and her husband to plaintiff. It is conceded that Lizzie Chambers and Cunningham have had peaceable possession of the whole of the said house and lot, conveyed as above stated, from August, 1886 till the bringing of this suit. Michael J. Moore died testate March 18, 1903, and Eli S. Reinhold duly qualified as administrator c. t. a. of his estate. Thomas P. Moore died testate on March 18, 1898, and his widow, Emma D. Moore, qualified as executrix of his last will and testament.

On May 4, 1903, the orphans' court of Schuylkill county, upon petition of Mrs. Mary Sandman, awarded an inquest in partition of a tract of land in Mahanoy City consisting of four contiguous residence properties, one of which was the premises in possession of and claimed by Cunningham as grantee of Lizzie Chambers and husband, under the deed above mentioned. Said petition alleged that Mary Sandman, Thomas Groody, John Groody and Margaret Groody were together entitled to an undivided one-sixth in said four properties, as the grandchildren of Margaret Curry, deceased, a former owner of said premises.

Exceptions to the return made to the inquest were filed by counsel for Cunningham et al., and on August 10, 1903, the exceptions were dismissed by the court and the return confirmed, and on October 12, 1903, said confirmation was made absolute and a rule granted upon parties interested to come into court and accept or refuse to take at the values returned. On January 4, 1904, an attorney for Mary Sandman filed an offer to take all of the property described in the writ of partition for $5,000, a price greater than the value returned. On April 4, 1904, the attorney for Mary Sandman made and signed a written transfer and assignment of the above offer and all right, title and interest of Mary Sandman to said real estate to

John F. Whelan, who was not an heir of Margaret Curry, deceased, nor an owner of any interest in the premises involved in the partition proceedings. This assignment was not under seal, not acknowledged, not signed by the husband of Mary Sandman nor by anyone for him. It was signed by Charles N. Brumm, attorney for Mary Sandman. There is no evidence in the orphans' court record that Brumm had any written authority to sell and convey Mary Sandman's interest in the land. On January 19, 1904, the orphans' court adjudged unto John F. Whelan, his heirs and assigns, as of April 4, 1904, all of said real estate. On December 17, 1904, John F. Whelan executed and delivered to John J. Cunningham a deed for all of Whelan's right, title and interest in and to the premises in possession of and claimed by Cunningham.

The defendants and their counsel had personal knowledge of the pendency of the partition proceedings, but they were not legally made parties thereto and they did not participate therein.

Based upon the above facts the present suit was brought to recover jointly against the several parties named as defendants for the money which Cunningham claimed to have expended in acquiring the title to the said one-sixth interest in the said house and lot.

The first question naturally arising is, can this joint action be maintained against the personal representatives of Michael J. Moore and Thomas P. Moore, deceased? This question would seem to be adversely settled, as to the plaintiff, at common law. One of the Moores died several years prior to the death of the other one. It seems at common law that the first decedent was released and the right of action on the warranty remained against the survivor and he became liable for a breach of the warranty in their joint deed. In the case of joint contractors, if one of the parties die his executor or administrator is at law discharged from liability and the survivor alone can be sued: Chitty on Pleading, vol. 1, star p. 50, and notes; Weaver and another v. Shrycock, exr., 6 S. & R. 262; Githers et al. v. Clarke et al., 158 Pa. 616. It seems that death severed the joinder and we have been referred to no statute or authority in Pennsylvania to warrant suing the personal representatives of the deceased warrantors jointly. The learned court below

granted judgment in favor of Emma D. Moore personally, non-obstante veredicto.

The learned counsel for the plaintiff, at the close of the evidence, presented to the court six written points, each of which was answered as follows: "These requests are affirmed but the court reserves the question whether there is any evidence which entitles the plaintiff to recover." These six points give rise to the second, third, fourth, fifth, sixth and seventh assignments of error. By granting judgment upon the verdict the court, in effect, affirmed each of these points unqualifiedly. In our opinion, these assignments of error must be sustained for reasons that will be given in discussing the ninth assignment.

The first assignment raises the question of the power of the court to give a binding instruction in favor of the plaintiff and to direct the amount of the verdict. We think this assignment must be sustained as the charge of the court does not give the correct rule of damages for a breach of warranty, and, second, because we will endeavor to show further along that the plaintiff was not entitled to recover at all. But, the correct measure of damages would be one-sixth of the purchase money paid by Cunningham, with interest thereon, provided the property was unimproved and he received no benefit from the possession and use thereof. In the present case, the property was improved and the plaintiff had been in the peaceable possession of it all the time, and the court could not give a binding instruction to the jury to take the one-sixth of the purchase money and add interest thereto regardless of possession, use, improvements and the liability of the plaintiff for mesne profits: Tyson v. Eyrick, 141 Pa. 296. Moreover, it appears that the court actually instructed the jury to find for the plaintiff the amount of money expended by Cunningham in the partition proceedings and in securing the conveyance from Whelan. This was not the correct measure of damages: Bender v. Fromberger, 4 Dallas, 436; Brown v. Dickerson, 12 Pa. 372; Terry v. Drabenstadt, 68 Pa. 400; Doyle v. Brundred, 189 Pa. 113, and Tyson v. Eyrick, 141 Pa. 296. It should be noted that there was no allegation of fraud to change the measure of damages from the purchase money and interest. What we have said in regard to the measure of damages is not very important in this case because we will attempt to show further along that

the plaintiff was not entitled to go to the jury at all, as he failed to show that he had ever been evicted.

The eighth assignment: " The court erred in answering defendant's point, which point and answer were as follows : Under all the evidence the verdict of the jury must be for the defendants. *Ans :* This request is refused, but the court reserves the question whether there is any evidence under which plaintiff is entitled to recover." By subsequently granting judgment against the defendants the court, in effect, unqualifiedly refused this point. In this we think there was error. In our opinion, this point ought to have been affirmed, because there was no binding judgment or decree sufficient to amount to an eviction of the plaintiff, either actual or constructive. He and his grantor had been in the quiet and peaceable possession of the land in question, under a deed purporting to convey it all, from August 9, 1886, and he was not evicted and there was no valid decree of the orphans' court upon which he could have been evicted, because there is not found in the record of that court any evidence of a paramount title in Mrs. Mary Sandman, except her ex parte averment in the petition for partition of the land where she alleged it had belonged to her grandmother. Moreover, as has already been said, if she had shown title to one-sixth of the lot in question, the plaintiff did not acquire that title by the assignment of April 4, 1904, by C. N. Brumm, as her attorney, and, therefore, the plaintiff was not warranted in paying the money claimed in this suit for the conveyance to him by Whelan, under the Brumm assignment. If Mary Sandman had a paramount title to that of the plaintiff, she has it yet so far as the orphans' court record shows, unless she is estopped from setting it up. There is nothing in the record to take Brumm's assignment out of the statute of frauds : Act of March 21, 1772, 1 Sm. Laws, 389; Right v. Mifflin, 2 Yeates, 38; Lewis v. Bradford, 10 Watts, 67.

The ninth assignment is based on the admission of the partition record in the orphans' court, on the petition of Mary Sandman. This whole record was offered, and objected to by defendants' counsel as incompetent, irrelevant and immaterial. The court overruled the objection, admitted the offer, granted an exception and sealed a bill for defendants. This assignment really raises the most important as well as the controlling ques-

tion in the case.  In our opinion it must be sustained, and it requires a reversal of the judgment without a new venire.  If Cunningham intended to look to the warranty in the deed from the Moores it was clearly his duty, in any action looking to an eviction as to the whole or any interest in the land described in the Moore deed, to set up his deed, purporting to convey the whole of the property, and the possession of his grantors and himself ever since 1886, and deny the right of Mary Sandman to have partition made of this land, on the ground that she had no possession and no title.  If this defense had been interposed, at the proper time, in the partition case, the orphans' court could lawfully have gone no further in the partition proceedings until Mary Sandman went into the common pleas and in an action of ejectment established her title to an interest in the land claimed by Cunningham.  But Cunningham did not do this, and he cannot now be heard to say that the decree of the orphans' court was equivalent to an eviction, and that he can sue the personal representatives of the deceased Moores, jointly or otherwise, and recover the money that he foolishly invested on the strength of the decree of the orphans' court.

The effect of a deed of partition is not to alter the titles of the parties, but to designate the boundaries : Goundie v. Water Co., 7 Pa. 233.  A judgment in partition does not decide title, or create new title: McClure et al. v. McClure, 14 Pa. 134; Perrine v. Kohr, 205 Pa. 602.  A covenant of warranty is a covenant against rightful eviction.  To maintain an action for breach of it, an eviction must be laid and proved.  There must be proof, at the least, of an involuntary loss of the possession : Wilson v. Cochran, 46 Pa. 229 ; Sager v. Patterson, 15 Pa. Superior Ct. 147.  To entitle a grantee to recover for a breach of warranty, there must be an eviction by title paramount: McGrew v. Harmon, 164 Pa. 115.

That the orphans' court could not have gone to a final decree in partition if Cunningham had set up his title and possession and denied Mary Sandman's title, until she had established a paramount title in ejectment in the common pleas, is established by numerous cases.  See Trickett on Law of Partition in Penna., pp. 31, 32.; McMasters v. Carothers, 1 Pa. 324; Mehaffy v. Dobbs, 9 Watts, 363.

The tenth assignment is, in substance, that the court erred in directing judgment in favor of the plaintiff on the point reserved, quoting it. It follows from what has been already said that this assignment must be sustained.

Counsel for plaintiff contends. that this action could be maintained without showing that plaintiff had been evicted from this one-sixth interest, for the reason that plaintiff had a good title to five-sixths of the land and he could not be put out of possession. The answer to this is twofold : First, the plaintiff cannot recover for a breach of the warranty without showing that there had been a recovery against him on a paramount title. This is not shown by the orphans' court record or otherwise. Second, if Mary Sandman had recovered a final judgment in ejectment, in the common pleas, for the one-sixth of plaintiff's land, she could have been put into legal possession of that interest, with the plaintiff, on a writ of habere facias possessionem. And this would undoubtedly be a sufficient loss of possession by a paramount title to permit plaintiff to recover on the warranty.

It is contended that the defendants are concluded by their failure to appear and defend in the partition case. How could they do this? The grantors, the Moores, were both dead. Their representatives claim no interest in the land in question. They were not parties to the partition proceeding, and they had a right to assume that the orphans' court would not undertake to try and settle disputed titles and rights of possession of real estate in a partition proceeding.

Judgment reversed.