### Biever v. Davis.

*Real estate—Sale—Implied covenant against encumbrance—Undiscovered lien—Damages—Practice, C. P.*

1. Plaintiff purchased real estate from defendant by deed containing the words "grant, bargain and sell," and a special warranty, subject to a mortgage. It was afterwards discovered that a judgment had been recorded against the defendant prior to the purchase. Upon default in payment of interest on the mortgage, the property was sold at sheriff's sale and the purchaser put plaintiff out of possession. Plaintiff sued defendant for damages for breach of warranty and covenants and claimed $2700, the amount he had paid defendant for the property over and above the mortgage. On rule for judgment for want of a sufficient affidavit of defence: Held, that under the pleadings plaintiff was entitled to nominal damages for breach of the covenant against encumbrances implied in the words "grant, bargain and sell," but that he was not entitled to judgment for his loss, because the alleged eviction was under the mortgage, not the judgment, and there had been no disturbance of his possession by reason of the judgment, nor any amount paid by him thereon. Rule discharged.

*Practice, C. P.—Rule for judgment for want of sufficient affidavit of defence—Nominal damages—Practice Act, 1915.*

2. Where plaintiff, claiming a certain sum as damages, asks for judgment for want of a sufficient affidavit of defence, and it appears that, under the pleadings, he is entitled to nominal damages only, the court will not enter judgment in his favor for nominal damages, but will treat the rule as a rule for judgment for the damages claimed, and discharge it as such under the provisions of section 17 of the Practice Act of May 14, 1915, P. L. 483, authorizing the court to enter judgment or discharge the rule, as justice may require.

Rule for judgment for want of sufficient affidavit of defence. C. P. Berks Co., Aug. T., 1920, No. 143.

*B. Morris Strauss,* for plaintiff and rule; *Paul N. Schaeffer,* for defendant.

ENDLICH, P. J., Feb. 6, 1922.—This is a rule for judgment for want of a sufficient affidavit of defence. In its disposition, of course, every material averment of fact in the affidavit is to be taken as verity. On the other hand, every material allegation of the statement which is not denied (and a mere

2 D. & C.

### Biever v. Davis.

disavowal of knowledge concerning an allegation of fact, with a demand for its proof, is not a denial of the allegation: Eberbach v. Steamship Co., 74 Pa. Superior Ct. 79, and see Buehler v. Fashion Plate Co., 269 Pa. 428) is to be treated as admitted, and whatever fact essential to the defence proposed is not distinctly and positively stated is taken not to exist: Lord v. Ocean Bank, 20 Pa. 384, 387; Kaufman v. Mining Co., 105 Pa. 537, 542. According to the statement, the defendant in this action, on March 25, 1919, conveyed to the plaintiff in fee simple certain real estate for the sum of $5800 (which included a mortgage on the premises for $3100, given to John Warren), with the words "grant, bargain, sell," and with special warranty, and also with an oral guaranty of good title, free from encumbrances, except the mortgage referred to. At the time of this conveyance there was a judgment for $5775 entered against the defendant on Feb. 18, 1919, on a bond given by Davis in favor of George Schuhmann (which was a lien upon other property of the defendant as well as upon this). On March 28, 1919, the latter was conveyed by the plaintiff to John E. Wenz in fee simple, with like warranty, written and oral. Wenz, on June 3, 1919, conveyed the property to Amos H. Martin in fee simple, with like covenants. On July 21, 1919, Martin, with like covenants, conveyed to the plaintiff, who, on Aug. 1, 1919, sold the land to Nelson R. Crisman. Throughout these transactions down to the last one mentioned there was no examination of the title, and the plaintiff was ignorant of the fact that the judgment above referred to had been entered. Crisman, however, had the title examined, found the lien and declined to take the title unless the land was released, which, the plaintiff says, he requested the defendant to do, but the defendant neglected and refused to do. Warren, upon the non-payment of the semi-annual interest due upon the mortgage Aug. 10, 1919, issued a *scire facias* on the mortgage and obtained judgment therein against plaintiff and defendant for the sum of $3365, and upon *levari facias* the premises were sold by the sheriff and a deed therefor made to the purchaser, "and . . . the . . . plaintiff was evicted therefrom on Jan. 3, 1920, and . . . lost his sale . . . to . . . Crisman and the entire property . . . sold to him by . . . Davis, and, as a consequence of such refusal or neglect of . . . Davis to have the . . . tract . . . sold to . . . Biever on March 25, 1919, released from the . . . Schuhmann judgment lien, . . . Davis has not kept his covenants and warranty . . . and . . . plaintiff . . . suffered damages to the amount of $2700, the amount he paid to . . . defendant over and above the mortgage for $3100 . . . and interest thereon from Jan. 3, 1920."

The affidavit of defence denies all oral representations or covenants of good title or of absence of encumbrances alleged in the plaintiff's statement, except the averment that the defendant had no knowledge of any lien or encumbrance other than the $3100 mortgage, and denies any warranties except such as are contained in the deed executed and delivered by him to the plaintiff; denies the defendant's knowledge of the entry of judgment against him until October, 1919; admits that plaintiff requested him to have the premises released from the lien of said judgment, and avers that he was unable to procure such release; denies the plaintiff's allegation that he lost his title to said premises through, because of or by reason of the judgment in favor of Schuhmann and against the defendant; denies that the plaintiff made any payment to Schuhmann or any other person for or on account of said judgment or for the purpose of extinguishing it, or that any demand was ever made upon the plaintiff for payment of said judgment or any part thereof or any interest thereon; and denies that the plaintiff was evicted from the premises in question by any proceeding had under or by virtue of said judg-

ment; averring, on the contrary, that plaintiff was evicted by proceedings had under and by virtue of the mortgage of $3100, under and subject to which the plaintiff had acquired the said premises.

The allegation in the plaintiff's statement of eviction is the allegation of a mere legal conclusion without disclosing the facts from which it is supposed to spring. If the same criticism is to be made of the denial of the allegation by the affidavit of defence, it must be borne in mind that an affidavit of defence which is as good as the statement in point of precision and exactness is ordinarily sufficient: Close v. Hancock, 3 Pa. Superior Ct. 207. We are, therefore, bound to treat this case on the footing that there was no eviction or anything that would amount to such in law. It is laid down in a number of cases cited in Chambers v. Reinhold, 33 Pa. Superior Ct. 266, 277, that a covenant of warranty is a covenant against rightful eviction; that to maintain an action for breach of it, an eviction must be averred and proved; that there must be proof at least of an involuntary loss of the possession, and that to entitle a grantee to recover for a breach of warranty, there must be an eviction by title paramount. So long as these matters stand as they do in this case, averred by the declaration and denied by the affidavit of defence, and in the absence of loss of possession traceable to the Schuhmann judgment, there can, under the authorities, be no recovery, at any rate beyond nominal damages. It will be noticed that even what the plaintiff claims to have been an eviction was not under the Schuhmann judgment, but in proceedings upon the Warren mortgage. There is no allegation that any demand was made upon the plaintiff for the payment of that judgment, or that there were any threats of proceedings upon it. The utmost possible recovery, if any, by the plaintiff under these circumstances is nominal damages for the breach of the warranty in the deed.

Neither can the covenants implied by the Act of May 28, 1715, § 6, 1 Sm. Laws, 95, help the plaintiff to a substantial recovery. That act does not appear to be relied on by plaintiff. But let that circumstance be disregarded. The Act of 1715 provides that the words "grant, bargain, sell" shall be adjudged an express covenant to the grantee, his heirs and assigns, that the grantor was seized of an indefeasible estate, in fee simple, free from encumbrances by the grantor, and also for quiet enjoyment against the grantor, his heirs and assigns, unless limited in express terms. In other words, the phrase "grant, bargain and sell" contained in a deed imports a covenant of seisin, a covenant for quiet enjoyment, and a covenant against encumbrances: Memmert v. McKeen, 112 Pa. 315, 320. The plaintiff's statement, however, avers no breach of the covenant of seisin or the covenant of quiet enjoyment; it is not alleged that the defendant was not seized in fee or that the plaintiff's enjoyment of possession was interfered with, save by a sheriff's sale upon another encumbrance. The covenant against encumbrances, to be sure, was broken as soon as made: see Memmert v. McKeen, 112 Pa. 315, 320, the existence of the encumbrance being the breach: see Berger v. Weinstein, 63 Pa. Superior Ct. 153, 156, 157. But where, as here averred in the affidavit of defence, there has been no disturbance of the grantee's possession by the breach, and nothing paid by him on account of the transaction, there is no room for any damages beyond nominal ones: Myers v. Brodbeck, 110 Pa. 198, 202. To that extent, if to any, it seems, and counsel for defendant agrees, the plaintiff may, perhaps, recover on a state of facts such as set forth in these pleadings; beyond that the recovery, if any is permissible, cannot go.

2 D. & C.

Biever v. Davis.

It would thus appear that, in any aspect, as the record now stands, the plaintiff can under no circumstances be entitled to more than nominal damages. But he is not asking for that. He is asking for a judgment in his favor for $2700, and interest from Jan. 3, 1920. Section 17 of the Practice Act, 1915, directs that on a rule for judgment for want of a sufficient affidavit of defence "the court shall enter judgment or discharge the rule as justice may require." It might put the plaintiff into an awkward situation to have this rule made absolute for nominal damages, whereas no such consequences seem capable of arising if we treat the rule as what it really is—a rule for judgment for $2700 and interest—and discharge it as such. That, in this case, appears to be the disposition which "justice may require," working no injury to either party. Non constat, whether upon a trial of the cause the averments and denials of the affidavit of defence will be effectually sustained or the allegations made in plaintiff's statement substantially established.

From Wellington M. Bertolet, Reading, Pa.